IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN L. PRIEST, | § | |
| | § | |
| Defendant Below, | § | No. 475, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1204019391, |
| | § | 1205020519 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: September 21, 2015
Decided: November 20, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 20th day of November, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)  The appellant, Kevin L. Priest, filed this appeal from a Superior Court order denying his motion for correction of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Priest's opening brief that his appeal is without merit. We agree and affirm.

(2)  The record reflects that, in July 2012, Priest resolved two different criminal cases by pleading guilty to Drug Dealing in Criminal ID No. 1204019391 and Drug Dealing in Criminal ID No. 1205020519. Priest was declared a habitual

offender under 11 *Del. C.* § 4214(a) and sentenced as a habitual offender on the Drug Dealing conviction in Criminal ID No. 1204019391 to three years of Level V incarceration with credit for time previously served. Priest was sentenced on the Drug Dealing conviction in Criminal ID No. 1205020519 to six years of Level V incarceration, suspended after two years for decreasing levels of supervision. Priest did not file a direct appeal.

(3) Beginning in November 2013, Priest filed several motions for modification or reduction of his sentence. The Superior Court denied all of those motions.

(4) On December 23, 2014, the Office of the Public Defender, on behalf of Priest, filed a motion for postconviction relief under Superior Court Criminal Rule 61 in Criminal ID No. 1205020519. The motion was based on misconduct at the Office of the Chief Medical Examiner ("OCME"). The public defender supplemented the motion multiple times. The motion is currently pending in the Superior Court.

(5) On March 27, 2015, the public defender, on behalf of Priest, filed a motion for postconviction relief under Rule 61 in Criminal ID No. 1204019391. This motion was also based on misconduct at the OCME. The public defender supplemented the motion multiple times. The motion is currently pending in the Superior Court.

(6)　On August 3, 2015, Priest filed a pro se document titled Motion to Amend in Criminal ID No. 1204019391 and Criminal ID No. 1205020519. Relying on *Johnson v. United States*,[1] Priest argued that his sentence as a habitual offender was illegal. Priest's motion also included an argument that the drugs in the convictions underlying his habitual offender status should be re-tested in light of events in the Jermaine Dollard case.

(7)　In an order dated August 11, 2015, the Superior Court denied the motion, finding that Priest acknowledged the range of sentences when he pled guilty, the motions were filed more than 90 days after imposition of sentence, the motions were repetitive of previously denied motions, there were no extraordinary circumstances supporting review of the motions, and the sentences were appropriate for all the reasons stated at sentencing. This appeal followed.

(8)　We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] In his opening brief, Priest argues that the Superior Court erred in treating his motion as a motion for correction of sentence under Rule 35, instead of treating it as a motion to amend his motions for postconviction relief under Rule 61. He is incorrect. Although the document was titled Motion to Amend,

---

[1] 135 S. Ct. 2551 (2015).
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*

3

it did not contain any references to the Rule 61 motions that the public defender had filed and supplemented on Priest's behalf. Most of the motion, including the first five pages, was devoted to Priest's argument that his sentence as a habitual offender was illegal under *Johnson*. Rule 35, not Rule 61, is the proper vehicle for challenging a sentence.[4] The Superior Court therefore did not err in treating the motion like a motion for correction of sentence under Rule 35.

(9) The Superior Court also did not err in denying the motion, even though the motion should have been considered under Rule 35(a),[5] instead of Rule 35(b).[6] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[7] The *Johnson* case does not support Priest's claim that his sentence as a habitual offender was illegal. In *Johnson*, the United States Supreme

---

[4] *Compare* Super. Ct. Crim. R. 35 ("Correction or reduction of sentence"), *with* Super. Ct. Crim. R. 61(a) ("This rule governs the procedure on an application by a person in custody under a sentence of this court *seeking to set aside the judgment of conviction* or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence.") (emphasis added).

[5] Super. Ct. Crim R. 35(a) ("The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.").

[6] Super. Ct. Crim R. 35(b) (providing that motion to correct a sentence imposed in an illegal manner or a motion for reduction of sentence filed more than ninety days after imposition of the sentence can be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217).

[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

Court held that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act violated the Due Process Clause.[8] Priest was sentenced as a habitual offender under 11 *Del. C.* § 4214(a), not the residual clause of the Armed Career Criminal Act.

(10) As to Priest's claims that he is entitled to an evidentiary hearing and re-testing of the drugs seized in Criminal ID No. 1204019391 and Criminal ID No. 1205020519, the motions for postconviction relief filed in those cases by the public defender are currently pending in the Superior Court. Priest is represented by counsel in those postconviction proceedings and has not been granted permission to participate with his counsel in the defense. Under Rule 47, the Superior Court "will not consider pro se applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense."[9]

(11) As to Priest's claim that the drugs in the convictions underlying his habitual offender status must be re-tested, that claim must be raised in those cases (assuming Priest has standing to challenge those convictions[10] and can overcome the

---

[8] *Johnson*, 135 S. Ct. at 2563.

[9] Super. Ct. Crim. R. 47.

[10] Super. Ct. Crim. R. 61(a) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence."); *Short v. State*, 2013 WL 3807795, at *1 (Del. July 18, 2013) (holding that appellant lacked standing

procedural hurdles of Rule 61), not Criminal ID No. 1205019391 or Criminal ID No. 1205020519. Accordingly, we affirm the Superior Court's denial of the motion for correction of sentence on the alternative ground that it lacked merit under Rule 35(a).[11]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

to seek postconviction relief because her sentence had expired and she was no longer "in custody" under that sentence as required by Superior Court Criminal 61(a)(1)).

[11] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that Delaware Supreme Court may affirm judgment on basis of different rationale than rationale articulated by trial court).

6