IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES COLEMAN, | § | |
| | § | |
| Defendant Below- | § | No. 592, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1405010510 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 16, 2015
Decided: February 5, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

### O R D E R

This 5th day of February 2016, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1) The appellant, James Coleman, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Coleman's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Coleman pled guilty on September 10, 2014 to one count of Escape after Conviction. The plea agreement reflected that Coleman agreed to be sentenced immediately as a habitual offender. The

State recommended a sentence of eight years at Level V incarceration to be followed by six months at Level IV supervision, which the Superior Court imposed. Coleman did not appeal his sentence. Instead, he filed a motion for reduction of sentence, which the Superior Court denied on November 25, 2014. Coleman did not appeal the Superior Court's denial of his motion for reduction of sentence.

(3)   In September 2015, Coleman filed a motion for correction of illegal sentence, alleging that his conviction for Escape after Conviction was not a violent felony and, therefore, he could not legally be sentenced as a habitual offender. The Superior Court denied the motion on the alternative grounds that the motion was untimely and repetitive, and because Coleman's sentence had been entered pursuant to a plea agreement and the sentence was appropriate. This appeal followed.

(4)   Coleman raises two issues in his opening brief on appeal. He contends that the Superior Court erred in treating his motion for correction of sentence under Superior Court Criminal Rule 35(a) as a motion for modification of sentence under Rule 35(b). He also argues that the Superior Court erred in denying his motion because his sentence is illegal.

(5)   We review the Superior Court's denial of a motion for correction sentence under Rule 35(a) for abuse of discretion, although questions of law

2

are reviewed *de novo*.[1] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[2]

(6)    As to Coleman's first claim, it appears that the Superior Court mistakenly treated Coleman's motion as a motion for modification of sentence under Rule 35(b), rather than a motion for correction of sentence under Rule 35(a). Although the Superior Court erred in holding that Coleman's motion was time-barred and repetitive, we nonetheless affirm the Superior Court's denial of Coleman's motion on the independent and alternative ground that the motion lacked merit under Rule 35(a).[3]

(7)    Coleman's argument that he could not be sentenced as a habitual offender because Escape after Conviction is a nonviolent felony has no merit. Coleman was sentenced as a habitual offender under 11 *Del. C.* § 4214(a). Section 4214(a) provides that "[a]ny person who has been 3 times convicted of a felony … under the laws of this State, and/or any other state … who shall

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[3] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

thereafter be convicted of a subsequent felony of this State is declared to be an [sic] habitual offender…."[4] Section 4214(a) does not require that predicate felonies be designated as "violent" felonies under 11 *Del. C.* § 4201(c). Coleman's qualifying felonies for habitual offender sentencing included all of his felony convictions.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] 11 *Del. C.* § 4214(a) (2007).