**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH WILLIAM DOUGHERTY,

Defendant-Appellant.

No. 96-6243
&
96-6247

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR-83-162-T)

---

Submitted on the briefs:

Patrick M. Ryan, United States Attorney, John E. Green, First Assistant United States Attorney for Plaintiff-Appellee.

Joseph William Dougherty, pro se.

---

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

---

KELLY, Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Joseph William Dougherty appeals the district court's denial of his motion to vacate or correct an illegal sentence, filed under Fed. R. Crim. P. 35(a). Defendant was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(d) following a jury trial, and his conviction was affirmed on appeal. United States v. Dougherty, No. 88-1945 (10th Cir. Feb. 16, 1990) (unpublished order and judgment). The district court sentenced defendant to a twenty-five year term of imprisonment, ordered him to pay a fine of $10,000 and to pay restitution of $739,808.98, the amount defendant robbed from the bank. He alleges that the amount of restitution imposed constituted an illegal sentence because the district court did not consider, or make an express finding as to, his financial ability to pay the restitution, which he alleges violated a provision of 18 U.S.C. §§ 3579 and 3580, the Victim Witness Protection Act (VWPA) (renumbered as 18 U.S.C. §§ 3663-64 effective November 1, 1987).

Defendant committed the bank robbery on December 29, 1982. However, because he escaped from prison both before and during his trial, he was not sentenced for his offense until June 9, 1988. Under the former Rule 35, which

remains applicable to offenses committed before November 1, 1987, see United States v. Garcia, 879 F.2d 803, 804 n. 1 (10th Cir. 1989), the district court may correct an illegal sentence at any time, but may only correct a sentence imposed in an illegal manner within the time provided for reduction of sentence, that is, within 120 days after the sentence is imposed, after receipt of the mandate issued upon affirmance of the judgment or dismissal of the appeal, or after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. Rule 35(a) and (b)(1986) (as applicable to offenses committed prior to Nov. 1, 1987); see also United States v. Golightly, 811 F.2d 1366, 1367 (10th Cir. 1987) (applying former version of Rule 35). The time limitations specified in former Rule 35 are mandatory, and failure to comply with these deadlines defeats jurisdiction. See United States v. Addonizio, 442 U.S. 178, 189 (1979).

We have defined an "illegal sentence" as "one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." United States v. Wainwright, 938 F.2d 1096, 1098 (10th Cir. 1991) (citation and quotation omitted). Although defendant asserts the sentence imposed is "illegal," his pleadings do not contend the sentence is unauthorized by

-3-

the judgment of conviction, or otherwise falls within the definition of an illegal sentence. Defendant's assertion that the district court should have made an express finding as to his ability to pay the ordered restitution challenges the legality of the method in which the sentence was imposed, rather than the legality of the sentence itself. See United States. v. Celani, 898 F.2d 543, 544 (7th Cir. 1990). Thus, defendant's motion under former Rule 35(a) was required to be brought within 120 days of the affirmance of his conviction by this court in 1990. The motion was not brought within that time period, and was therefore, untimely.

We note that, even if there were no jurisdictional bar, defendant's challenge to the restitution order would lack merit. The district court denied the motion on the basis that 18 U.S.C. §§ 3579 and 3580 did not apply to defendant. Those provisions were enacted in 1982, and only apply to offenses that occurred on or after January 1, 1983. See United States v. Hill, 798 F.2d 402, 405 (10th Cir. 1986). Because defendant committed his offense prior to January 1, 1983, the requirement in § 3580 that the district court consider defendant's financial resources was not applicable to the defendant.

Because the district court lacked jurisdiction over defendant's Rule 35(a) motion, we VACATE the judgment, and REMAND with directions to enter an order dismissing the motion as untimely.