Edward BRITTINGHAM, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Nos. 228 and 336, 1997.

Supreme Court of Delaware.

Submitted: Jan. 13, 1998.
Decided: Jan. 23, 1998.

Edward A. Brittingham, pro se.

Sam Glasscock, III, of the Department of Justice, Georgetown, for appellee.

Before WALSH, HOLLAND, and HARTNETT, JJ.

HOLLAND, Justice.

The defendant-appellant, Edward A. Brittingham ("Brittingham"), was found guilty of Burglary in the Second Degree by a New Castle County jury on September 18, 1991. He was declared to be an habitual criminal and sentenced to fifteen years of incarceration. Brittingham's conviction and sentence were affirmed on appeal by this Court. *Brittingham v. State,* Del.Supr., No. 486, 1991, Veasey, C.J., 1992 WL 219205 (July 31, 1992) (ORDER). Brittingham filed a motion for postconviction relief. This Court affirmed the Superior Court judgment denying that motion. *Brittingham v. State,* Del.Supr., No. 25, 1995, Berger, J., 1995 WL 715837 (Nov. 8, 1995) (ORDER).

Brittingham then sought further review of the determination that he is an habitual criminal by filing two Motions to Correct an Illegal Sentence with the Superior Court. *See* Super.Ct.Crim.R. 35(a) ("Rule 35(a)"). These motions were denied by the Superior Court on April 28, 1997, and July 16, 1997. Brittingham has appealed from those judgments. This Court has consolidated the appeals.

### *Relief is Limited Criminal Rule 35(a)*

■ Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." *Cf.* Super.Ct.Crim.R. 61(i)(1). The "narrow function of Rule 35 is to permit correction of an illegal *sentence,* not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States,* 368 U.S. 424,

430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). "A proceeding under Rule 35 presupposes a valid conviction." *Whitfield v. United States,* 9th Cir., 401 F.2d 480, 483 (1968). *Accord Evans v. State,* Wyo.Supr., 892 P.2d 796, 797 (1995); *State v. Meier,* N.D.Supr., 440 N.W.2d 700, 703 (1989). Relief under Rule 35(a) is available "when the sentence imposed exceeds the statutorily-authorized limits, [or] violates the Double Jeopardy Clause...." *United States v. Pavlico,* 4th Cir., 961 F.2d 440, 443 (1992). A sentence is also illegal if it "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *United States v. Dougherty,* 10th Cir., 106 F.3d 1514, 1515 (1997).

■ Brittingham was found guilty of Burglary in the Second Degree, a felony. The Superior Court then determined that Brittingham had at least three prior felony convictions. Accordingly, Brittingham was found to be an habitual offender. As an habitual offender, he was eligible by statute for a sentence of up to life imprisonment. 11 *Del.C.* § 4214(a). Brittingham was sentenced to fifteen years imprisonment.

Brittingham does not contend that this sentence was outside of the statutory authorization or constituted double jeopardy. The only contentions in his Rule 35(a) motions involved the validity of his felony convictions in 1983 and 1986. Because those claims would require an examination of "errors occurring at ... other proceedings prior to the imposition of the sentence," no relief is available to Brittingham under Rule 35(a). *Hill v. United States,* 368 U.S. at 430, 82 S.Ct. at 472–73.

### *Law of Case Illegal Sentences*

The proceedings leading to Brittingham's conviction, including the validity of the Superior Court's determination of his habitual criminal status, were reviewed by this Court and rejected in Brittingham's direct appeal.

*Brittingham v. State,* Del.Supr., No. 486, 1991, Veasey, C.J., 1992 WL 219205 (July 31, 1992) (ORDER). Thereafter, in his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"), Brittingham raised the same challenges to his habitual offender status that he advanced in the Rule 35(a) motions which are the subject of this appeal: (1) the alleged invalidity of his 1986 conviction based on trial judge's supposed conflict of interest; and (2) the alleged invalidity of his 1983 conviction based on the supposed coercion of his guilty plea. This Court affirmed the Superior Court's denial of Brittingham's Rule 61 motions, finding that his claims were procedurally barred and that Brittingham had failed to demonstrate that he was entitled to relief on the merits in the interest of justice. *Brittingham v. State,* Del.Supr., No. 25, 1995, Berger, J., 1995 WL 715837 (Nov. 8, 1995) (ORDER).

The "law of the case" doctrine is well established in Delaware. *See, e.g., Bailey v. State,* Del.Supr., 521 A.2d 1069, 1093 (1987); *Hughes v. State,* Del.Supr., 490 A.2d 1034, 1048 (1985); *State v. Halko,* Del.Super., 188 A.2d 100, 107–08 (1962). That doctrine bars relitigation, under Rule 35(a), of an "illegal sentence" where that issue has been previously decided by this Court.

> The doctrine of law of the case is flexible (unlike res judicata, which is both inflexible and inapplicable to many post-conviction motions, including those based on grounds of double jeopardy . . .). It will not be enforced where doing so would produce an injustice. But it does apply to Rule 35 unless some reason is shown for not applying it, and none was here.

*United States v. Mazak,* 7th Cir., 789 F.2d 580, 581 (1986) (citations omitted). Brittingham cannot continue to litigate previously decided issues by changing the number of the Superior Court rule under which he seeks postconviction relief. *See* Super.Ct.Crim.R. 61(i)(1), (3), (4); *Bailey v. State,* 521 A.2d at 1095. *See also Trans World Airlines, Inc. v. Hughes,* Del.Ch., 317 A.2d 114, 119 (1974), *aff'd,* Del.Supr., 336 A.2d 572 (1975). The prior decisions by this Court on any adjudicated issue involving Brittingham's claims became the law of the

case in all subsequent stages of his continuing criminal proceedings. *State v. Halko,* 188 A.2d at 107–08.

### Conclusion

The Superior Court properly held that Brittingham could not utilize Rule 35(a) to challenge the predicate convictions that were the basis for the determination of his habitual offender status. The judgments of the Superior Court are affirmed.