**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

PATRICIA WILLIAMS,

  Defendant-Appellant.

No. 10-6290
(D.C. No. 5:88-CR-00081-F-18)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

---

Patricia Williams appeals from the district court's order that dismissed as

untimely her motion to correct an illegal sentence under Fed. R. Crim. P. 35(a)

(1985), and in the alternative, denied the motion on the merits. We have

jurisdiction under 28 U.S.C. § 1291. We reverse the district court's order and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

remand to the district court to correct Ms. Williams's sentences on her interstate travel convictions in accordance with this order and judgment.

## I. Background

The history of this case spans nearly 24 years. In 1988, Ms. Williams was convicted by a jury of multiple crimes related to a drug conspiracy. In particular she was convicted of two counts of racketeering (Counts 1 and 2), one count of conspiracy (Count 3), two counts of interstate travel in furtherance of the conspiracy (Counts 5 and 7), and three counts of possession of heroin with intent to distribute (Counts 6, 8, and 10).

At her sentencing hearing, the district court found that "the evidence is persuasive to the effect that Mrs. Williams' personal participation in the conspiracy as a supplier ceased in late 1986 and that the last conspiratorial act shown to have affected her personally occurred in January 1987, and these are preguideline dates." Nov. 28, 1988 Sentencing Transcript at 48. Nonetheless, the court concluded that "this is a guideline case because Mrs. Williams was convicted of conspiracy counts in which the conspiratorial conduct for which she was responsible as a co-conspirator extended into December 1987." *Id*. The court imposed the following sentence: 360 months each for Counts 3 (conspiracy) and 6, 8, and 10 (possession) to be served concurrently with sentences of 240 months each on Counts 1 and 2 (racketeering) and sentences of 60 months each on Counts 5 and 7 (interstate travel). This court affirmed

Ms. Williams's conviction and sentence on direct appeal. *United States v. Williams*, 897 F.2d 1034, 1041 (10th Cir. 1990).

In 2001, Ms. Williams's lawyer filed a motion under 28 U.S.C. § 2255 that challenged her entire sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court concluded that Ms. Williams was entitled to relief under *Apprendi* and adjusted her sentence. The court applied U.S.S.G. § 5G1.2(d) as mandatory and adjusted the sentences to fulfill its original intent to sentence Ms. Williams to a total of 360 months imprisonment as follows: concurrent sentences of 240 months on Counts 1, 2, 3, 6, 8, and 10 to be followed by a 60-month sentence on Count 5 and a 60-month sentence on Count 7. Ms. Williams did not appeal.

Beginning in 2002 and continuing through 2008, Ms. Williams filed several administrative requests in which she questioned, among other things, the application of the Guidelines to her sentences for the interstate travel convictions (Counts 5 and 7). In investigating how Ms. Williams's sentences should be computed, a BOP employee spoke with the sentencing judge's clerk in January 2003, and was told that the judge intended counts

> 6, 8, and 10 to be calculated as an old law sentence due to the nature and date of offense and the remainder of the counts to be calculated as a new law sentence due to the fact that they are conspiracy counts. . . . [T]he Judge intended the sentence be calculated this way as long as the total term of 360 months was not changed.

Doc. 1576, Exh. H.

In 2010, Ms. Williams, pro se, filed an emergency motion to correct her sentence on the interstate travel convictions (Counts 5 and 7). The district court dismissed the motion as untimely and alternatively denied the motion on the merits. This appeal followed.[1]

## II. Discussion

In 1984, Congress enacted the Comprehensive Crime Control Act of 1984 (CCCA), which replaced the then-existing federal sentencing scheme with the Guidelines. As part of the new scheme, the CCCA rewrote Rule 35(a), which allowed a court to correct a sentence "at any time," to curtail the circumstances under which an illegal sentence could be corrected. The changes to Rule 35(a) and the imposition of the Guidelines took effect on November 1, 1987. The regime that applies to offenses committed before November 1, 1987, is often referred to old law, while the regime that applies to crimes committed on or after November 1, 1987, is commonly referred to new law offenses.

### A. *Ms. Williams's Interstate Travel Convictions are Pre-Guideline Offenses*

There are three elements that must be proven to establish a violation of the Travel Act, 18 U.S.C. § 1952(a)(3): "(1) travel in interstate . . . commerce . . . , (2) with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

---

[1]     Ms. Williams filed her appeal pro se. Pursuant to 18 U.S.C. § 3006A(a)(2)(A), this court appointed John M. Tanski, of Axinn, Veltrop & Harkrider LP, Hartford, Connecticut, to represent Ms. Williams.

and (3) performance of or an attempt to perform an act of promotion, management, establishment, or carrying on of the enumerated unlawful activity." *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003). A crime is complete when every element in the crime occurs. *United States v. Reitmeyer*, 356 F.3d 1313, 1317 (10th Cir. 2004). "In order to prove [the third element of] a Travel Act violation, the government must prove that [the] defendant committed an overt act after having traveled or after having used the facilities of interstate or foreign commerce." *United States v. Sanchez DeFundora*, 893 F.2d 1173, 1176 (10th Cir. 1990) (internal quotation marks omitted). We conclude that Ms. Williams's interstate travel convictions are pre-Guideline offenses for the simple reason that, as the district court found, her last personal act occurred in January 1987, which predates the November 1, 1987, effective date of the Guidelines.

The government puts forth several arguments that the Travel Act violations occurred after November 1, 1987. The first argument is that because Ms. Williams was convicted of a conspiracy that was found to have continued beyond November 1, 1987, her interstate travel convictions also continued through that date. But conviction of a conspiracy (or any other criminal offense) is not an element of a Travel Act violation. *See Welch*, 327 F.3d at 1092 ("An actual violation of the [predicate offense] is not an element of the alleged Travel Act violations . . . and need not have occurred to support the Government's

§ 1952 prosecution"). Only an intent to engage in unlawful conduct is required. *Id*. ("The predicate offense, i.e., the 'unlawful activity,' in a Travel Act prosecution serves only to define the accused's conduct. The Travel Act proscribes not the unlawful activity per se, but the use of interstate facilities with the requisite intent to promote such unlawful activity." (citation omitted)).

Next, the government argues that the language used in the charging documents proves that the interstate travel violations are post-Guideline offenses. This argument goes hand-in-glove with the further argument that Ms. Williams was liable for the post-travel acts of her co-conspirators, which were completed after November 1, 1987.

The government points to the superseding indictment, which alleges that Ms. Williams

> and an individual whose identity is unknown to the Grand Jury, did knowingly and unlawfully travel in interstate commerce . . . and thereafter [Ms. Williams] . . . and the unknown individual did perform and attempt to perform acts to promote, manage, establish or carry on or to facilitate the promotion, management, establishment, or carrying on of said unlawful activity, i.e., a conspiracy to distribute heroin.

Superseding Indictment, June 8, 1988, at 12-13 & 14. The dates on which Ms. Williams and her fellow traveler were alleged to have traveled occurred sometime between late 1983 and June 1984. According to the government, this language means that Ms. Williams's interstate travel convictions were based not on her own post-travel acts in furtherance of the conspiracy (which were

-6-

committed no later than January 1987), but the post-travel acts performed by an unknown person. But the relevant issue isn't whether Ms. Williams could have been lawfully convicted on the evidence of someone else's post-travel acts; the issue is, assuming she was convicted on those acts, when they took place. We know that Ms. Williams's last overt act took place in January 1987. But there is no evidence as to when the unknown person's post-travel acts occurred, and perforce no evidence that those acts took place *after* November 1, 1987. Therefore, Counts 5 and 7, the interstate travel convictions, are pre-Guideline offenses.

*B.  Ms. Williams's Rule 35(a) Motion was Timely*

Prior to November 1, 1987, Rule 35 provided that a district court could "correct an illegal sentence at any time." Fed. R. Crim. P. 35(a) (1985). But Rule 35 changed on November 1, 1987, as part of the CCCA, which ushered in the Guidelines. Like the Guidelines, the new version of Rule 35(a) was expressly made applicable only to offenses committed on or after November 1, 1987. Sentencing Reform Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (extending effective date of CCCA to 36 months after enactment).[2]

The linchpin of the government's untimeliness argument is that in "a case [] where the offense conduct 'straddles' the effective date of the amendment [to

---

[2]     Rule 35 has been amended several times since November 1, 1987, but those amendments are not relevant here.

Rule 35], the courts have consistently held that the post-guideline version of Rule 35(a) should apply." Aplee. Resp. Br. at 18. But the cases relied on by the government concern situations where the only counts being challenged involved conduct that straddled the effective date of the Guidelines. Indeed, the government has not cited a single authority that has applied new Rule 35(a) (or the Guidelines for that matter) to a crime that was completed before November 1, 1987. Since the interstate travel offenses were completed before November 1, 1987, these are not straddle offenses.

As further argument, the government contends that even if the interstate travel convictions are pre-Guideline offenses, "the pre-guideline version of Rule 35(a) would still not apply because they are part of a 'bundled' sentencing package that includes both pre- and post-guideline offenses." Aplee. Supp. Resp. Br. at 2-3. It posits that "the splintered application of the rule would thwart the sentencing court's decision that the overall sentencing package [360 months] was the appropriate punishment for the defendant's conduct." *Id*. at 3. This argument does not make any sense because the overall sentence has never changed and will not change even when the interstate travel convictions are treated as pre-Guideline offenses. Ms. Williams will have served 360 months; the only thing that will change is her eligibility for parole and good-time credits. More to the point, the application of old Rule 35(a) to old law offenses is the law in this circuit. *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)

("[F]ormer Rule 35 . . . remains applicable to offenses committed before November 1, 1987.")

As a solution to the government's imaginary problem, it proposes that "where the defendant's sentence is a package containing both pre- and post-guideline counts, the determination of which version of Rule 35(a) applies should be controlled by the defendant's overall conduct for the whole sentence, not the conduct involved for each specific offense." Aplee. Supp. Resp. Br. at 5. This solution is untenable for several reasons, the most important of which is the fact it would contravene Congressional intention that new Rule 35(a) applies only to offenses committed on or after November 1, 1987.

*C. Guideline Sentences for Pre-Guideline Offenses are Illegal*

A motion to correct an illegal sentence under old Rule 35(a) can be brought at any time. An illegal sentence is, among other things, "a sentence which the judgment of conviction did not authorize." *Dougherty*, 106 F.3d at 1515 (internal quotation marks omitted). Congress provided for Guideline sentences to apply only to offenses committed after November 1, 1987. *United States v. Roederer*, 11 F.3d 973, 976 (10th Cir. 1993). As such, a Guideline sentence for a pre-Guideline offense is illegal because it is not authorized by the conviction.

We need look no further than the district court's instructions to the BOP to calculate Ms. Williams's interstate travel convictions as post-Guideline offenses to know that her sentence was illegal and must be corrected. This result is also

appropriate in light of the government's admission that if Ms. Williams's interstate travel convictions are pre-Guideline offenses (which we have concluded to be the case), her "sentence would be affected," Aplee. Supp. Resp. Br. at 17, because "[a]s pre-guideline offenses, the defendant would be entitled to additional good-time credit and would potentially be eligible for parole," *id*. at 18.

We GRANT the government's and Ms. Williams's respective motions to supplement the record. The order of the district court denying Ms. Williams's motion to correct her sentence under old Rule 35(a) is REVERSED. The case is REMANDED to the district court to correct the sentence, at the soonest practicable time, in accordance with this order and judgment.

Entered for the Court


David M. Ebel
Circuit Judge

-10-