IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COREY LEWIS, | § | |
| | § | |
| Defendant Below- | § | No. 47, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1306017893 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: March 4, 2016
Decided: April 26, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### O R D E R

This 26th day of April 2016, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1)    The appellant, Corey Lewis, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Lewis' opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Lewis pled guilty on December 2, 2013 to one count each of Carrying a Concealed Deadly Weapon and Possession of a Deadly Weapon by a Person Prohibited. The State moved to declare Lewis

to be a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court granted the motion and sentenced Lewis as a habitual offender on February 14, 2014 to a total period of sixteen years at Level V incarceration, to be suspended after serving thirteen years for decreasing levels of supervision. Lewis did not appeal.

(3) In November 2015, Lewis filed a motion for correction of illegal sentence, alleging that his prior felony convictions were not all violent felonies and, therefore, he could not legally be sentenced as a habitual offender. The Superior Court denied the motion because it was untimely and because Lewis' sentence had been entered pursuant to a plea agreement and the sentence was appropriate. This appeal followed.

(4) In his opening brief on appeal, Lewis argues that the Superior Court erred in treating his motion for correction of sentence under Superior Court Criminal Rule 35(a) as a motion for modification of sentence under Rule 35(b). He also contends that the Superior Court erred in denying his motion because his sentence as a habitual offender is illegal.

(5) We review the Superior Court's denial of a motion for correction sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.[1] Under Rule 35(a), a sentence is illegal if it exceeds

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[2]

(6)     As to Lewis' first claim, it appears that the Superior Court mistakenly treated Lewis' motion as a motion for modification of sentence under Rule 35(b), rather than a motion for correction of sentence under Rule 35(a).  Although the Superior Court erred in holding that Lewis' motion was time-barred, we nonetheless affirm the Superior Court's denial of the motion on the independent and alternative ground that the motion lacked merit under Rule 35(a).[3]

(7)     Lewis' argument that he could not be sentenced as a habitual offender because his prior felony convictions were not all violent felonies simply has no merit.  Lewis was sentenced as a habitual offender under 11 *Del. C.* § 4214(a).  Section 4214(a) provides that "[a]ny person who has been 3 times convicted of a felony … under the laws of this State, and/or any other state … who shall thereafter be convicted of a subsequent felony of this State

---

[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[3] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

is declared to be an [sic] habitual offender…."[4] Section 4214(a) does not require that predicate felonies be designated as "violent" felonies under 11 *Del. C.* § 4201(c). Lewis' qualifying felonies for habitual offender sentencing included all of his felony convictions. His claim to the contrary has no merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] 11 *Del. C.* § 4214(a) (2015).