IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL COHEE, | § | |
| | § | |
| Defendant Below- | § | No. 256, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1004008353 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  September 27, 2016
Decided:  November  14, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ** Justices.

## O R D E R

This 14th day of November 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Daniel Cohee, filed this appeal from the Superior Court's order, dated April 29, 2016, denying Cohee's motion for correction of an illegal sentence.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Cohee's opening brief that the appeal is without merit.  We agree and affirm.

(2)    Cohee pled guilty in September 2010 to one count each of Carjacking in the First Degree, Disregarding a Police Officer's Signal, and

Possession of a Deadly Weapon by a Person Prohibited. The Superior Court sentenced Cohee on all three charges to a total period of nine years at Level V incarceration, to be suspended after serving three years in prison for two years at decreasing levels of supervision. Cohee did not appeal. In February 2013, Cohee was found in violation of his probation and sentenced to four years and three months at Level V incarceration, to be suspended upon Cohee's successful completion of drug treatment for decreasing levels of supervision. Cohee did not appeal that judgment. In April 2016, Cohee filed a motion for correction of sentence, claiming that his VOP sentence was illegal. The Superior Court denied his motion. This appeal followed.

(3) Cohee argues in his opening brief that his VOP sentence is illegal because it violated the SENTAC guidelines. Cohee also argues that his due process rights were violated at his 2013 VOP hearing because he was denied the opportunity to be heard and to present evidence in his own defense.

(4) We find no merit to Cohee's appeal. A motion for correction of sentence is very narrow in scope.[1] It is not a means to challenge the legality of a conviction or to raise allegations of error occurring in the proceedings

---

[1] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

before the imposition of sentence.[2]   Thus, we reject Cohee's attempt to collaterally attack the validity of his VOP adjudication.

(5)   Superior Court Criminal Rule 35(a) permits relief when "the sentence imposed exceeds the statutorily-authorized limits, [or] violates the Double Jeopardy Clause."[3]   A sentence also is illegal if it "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[4]

(6)   In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[5]   In this case, the Superior Court reimposed the Level V time remaining from Cohee's original Carjacking sentence, but ordered it to be suspended upon Cohee's successful completion of a treatment program for decreasing levels of supervision.  Under the circumstances, the sentence was authorized by law, was neither arbitrary nor excessive, and does not reflect

---

[2] *Id.*

[3] *Id.* (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992)).

[4] *Id.* (*quoting United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)).

[5] 11 *Del C.* § 4334(c) (2015).

any evidence of a closed mind by the sentencing judge. We find no merit to Cohee's appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
                Justice

4