IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRED HUFFMAN, | § | |
| | § | No. 188, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1112004258 (N) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 8, 2017
Decided: June 21, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices

## O R D E R

This 21st day of June 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Fred Huffman, filed this appeal from the Superior Court's order, dated April 17, 2017, denying his motion for correction of an illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Huffman's opening brief that the appeal is without merit. We agree and affirm.

(2) Huffman pled guilty in September 2012 to one count of Unlawful Sexual Intercourse in the Second Degree, a crime he admitted committing in

1993 when the victim was less than sixteen years old.[1] The Superior Court sentenced Huffman to a total period of twenty years at Level V incarceration, to be suspended after serving ten years in prison for decreasing levels of supervision. Huffman did not appeal.

(3) In March 2017, Huffman filed a motion for correction of sentence, alleging that certain conditions of his sentence are illegal. Specifically, he asserted that: (i) the "no contact" provision of his sentence is overly broad; (ii) the monetary assessments imposed post-sentencing are unfair; (iii) the sex offender notification requirement is prohibited; and (iv) the sentence violates his constitutional rights to vote and bear arms. The Superior Court denied his motion. Huffman appealed.

(4) This Court reviews the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[2] A motion for correction of sentence is very narrow in scope.[3] Superior Court Criminal Rule 35(a) permits relief when "the sentence imposed exceeds the statutorily-authorized limits, [or] violates the Double Jeopardy Clause."[4] A sentence also is illegal if it "is ambiguous with respect

---

[1] *See Huffman v. State*, 2015 WL 4094234, *3 (Del. July 6, 2015) ("The transcript of the guilty plea reflects that Huffman understood the relevant time period [of his sexual offense against his minor stepdaughter] was January 1, 1993 to December 31, 1993").
[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[3] *Id.*
[4] *Id.* (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992)).

2

to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[5]

(5)     All of Huffman's contentions fall outside the limited scope of Rule 35(a).  Moreover, as the State points out, Huffman pled guilty and, as part of his plea agreement, Huffman agreed to register as a sex offender with its notification requirements and also agreed to waive many of his constitutional rights, including the right to bear arms and the right to vote. The validity of his plea agreement is outside the scope of a Rule 35(a) proceeding.  Thus, we find no merit to Huffman's appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion for appointment of counsel filed on June 16, 2017 is MOOT.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] *Id.* (*quoting United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)).