IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN H. BOONE, | § | |
| | § | No. 332, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID N1305018893 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: August 16, 2018
Decided: October 9, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Kevin H. Boone, filed this appeal from the Superior Court's order dated May 30, 2018, denying Boone's motion for correction of an illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Boone's opening brief that the appeal is without merit. We agree and affirm.

(2) Boone pled guilty in December 2013 to one count of dealing in child pornography and three counts of possessing child pornography. The Superior Court sentenced Boone to a total period of twenty-four years at Level

V incarceration, to be suspended after serving three years in prison for three years at decreasing levels of probation supervision. Boone did not appeal. In December 2017, Boone was found in violation of his probation and sentenced to twenty-one years at Level V incarceration, to be suspended upon Boone's successful completion of the Transitions Program for two and a half years at decreasing levels of supervision. Boone did not appeal that judgment or sentence. In February 2018, Boone filed a motion for reduction of sentence, which the Superior Court denied. Boone did not appeal. In May 2018, Boone filed a motion for correction sentence, claiming that his VOP sentence was illegal. The Superior Court denied his motion. This appeal followed.

(3) Boone argues in his opening brief that his VOP sentence is illegal because it violated the SENTAC guidelines and the judge exhibited a closed mind. Boone also argues that his rights were violated at his VOP hearing because the State argued that Boone had engaged in conduct for which he was never charged.

(4) We find no merit to Boone's appeal. A motion for correction of sentence is very narrow in scope.[1] It is not a means to challenge the legality of a conviction or to raise allegations of error occurring in the proceedings

---

[1] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

before the imposition of sentence.[2]  Thus, we reject Boone's attempt to attack the validity of his VOP adjudication by arguing that the State presented irrelevant and prejudicial evidence at his VOP hearing.

(5)    Superior Court Criminal Rule 35(a) permits relief when "the sentence imposed exceeds the statutorily-authorized limits, [or] violates the Double Jeopardy Clause."[3]  A sentence also is illegal if it "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[4]

(6)    In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[5]  In this case, the Superior Court reimposed the Level V time remaining from Boone's original sentence, but ordered it to be suspended upon Boone's successful completion of the Transitions Program for decreasing levels of supervision. Under the circumstances, the sentence was authorized by law, was neither

---

[2] *Id.*
[3] *Id.* (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992)).
[4] *Id.* (*quoting United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)).
[5] 11 *Del C.* § 4334(c).

arbitrary nor excessive, and does not reflect any evidence of a closed mind by the sentencing judge. To the extent Boone's sentence exceeded the SENTAC sentencing guidelines, that fact alone, without more, does not establish judicial bias because the guidelines are not binding.[6] Thus, we find no merit to Boone's appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *Biddle v. State*, 2017 WL 1376412 (Del. Apr. 12, 2017).