IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHIRLEY SMITH, | § | |
| | § | No. 190, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1404012579 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: June 18, 2024
Decided: August 12, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     On September 9, 2014, the Superior Court sentenced the appellant, Shirley Smith, to a total of fifty-four years of imprisonment, suspended after twenty-two years for decreasing levels of supervision, for her convictions for home invasion, first-degree assault, possession of a deadly weapon during commission of a felony, and second-degree conspiracy.  Smith has previously filed various unsuccessful motions for postconviction relief or for review or modification of sentence.[1]

---

[1] *E.g.*, *Smith v. State*, 2023 WL 4677003 (Del. July 20, 2023); *Smith v. State*, 2023 WL 1099178 (Del. Jan. 27, 2023).

(2)     On April 24, 2024, Smith filed a motion in the Superior Court seeking release from prison on the ground that Smith's defense counsel allegedly forged Smith's name on the guilty plea form.  The Superior Court construed the filing as a motion for sentence modification and denied it as time barred under Superior Court Rule of Criminal Procedure 35(b).  On appeal, Smith asserts that her sentence is illegal because of the alleged forgery.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that her appeal is without merit.  We agree and affirm.

(3)     Smith acknowledges that her sentence does not exceed the statutory limits for the crimes of which she was convicted.  Her allegations regarding the alleged forgery attack her guilty plea and, therefore, the legality of her conviction.  A proceeding under Rule 35 presumes a valid conviction.[2]  Rule 35 does not provide a mechanism for a defendant to attack the legality of her conviction or to raise allegations of error in the proceedings before the imposition of sentence.[3]  The procedural mechanism for setting aside a conviction on the basis that the guilty plea was invalid is a motion for postconviction relief under Superior Court Rule of Criminal Procedure 61.[4]  Thus, to the extent that Smith's motion sought relief under

---

[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[3] *Id.*

[4] *See* DEL. SUPER. CT. R. CRIM. PROC. 61(a)(1)-(2) (providing that Rule 61 is the exclusive means for seeking to set aside a judgment of conviction); *see also Anderson v. State*, 2017 WL 446889, at *1 (Del. Jan. 20, 2017) (stating that "Rule 61, not Rule 35, is the exclusive remedy for a person seeking to set aside a judgment of conviction").

Rule 35, the Superior Court did not err by denying the motion. To the extent that Smith's motion sought to invoke Rule 61, the motion did not overcome the procedural bars to successive, untimely motions for postconviction relief.[5]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[5] *See* DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2) (providing that a second or subsequent motion for postconviction relief "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity either "that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or "a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid"); *see also id.* R. 61(i) (establishing procedural bars to postconviction relief and exceptions thereto).