# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | **I.D.:** 2109006358 |
| | ) | |
| v. | ) | |
| | ) | |
| **IVORY J. NICKERSON,** | ) | |
| | ) | |
| Defendant. | | |

**Submitted:** April 29, 2025
**Decided:** May 7, 2025
## <u>ORDER</u>
*On Defendant's Motion for Correction of an Illegal Sentence*

## DENIED

This 7th day of May, 2025, upon consideration of the instant Motion for Correction of an Illegal Sentence, under Superior Court Criminal Rule 35(a)[1] brought by Defendant Ivory J. Nickerson ("Nickerson"), it appears to the Court that:

1. On January 17, 2023, Nickerson pled guilty to one Count of Possession of a Firearm by a Person Prohibited. The plea agreement recommended the agreed upon sentence of fifteen (15) years at Level V, suspended after ten (10) years for one (1) year at Level V, suspended after six (6) months for eighteen (18) months at Level III. The State also agreed to not seek Nickerson to be sentenced as a

---

[1] Docket Item ("D.I.") 17.

habitual offender. On January 17, 2023, the Court complied with the recommendation of the plea agreement and imposed the above sentence.[2]

2. In the instant Motion, Nickerson argues his sentence is illegal because it is his first firearm charge, and his sentence is "an ex post facto enforcement, which is an enhancement of the punishmen[sic] due to the way the courts went above and beyond, of a new law that is being enforced retroactively on me the Defendant."[3] Nickerson cites to *Apprendi v. New Jersey*,[4] *Blakely v. Washington*,[5] *Cunninham v. California*,[6] and *Erlinger v. United States*[7] to support his argument.

3. Under Superior Court Criminal Rule 35(a), "the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner" within 90 days of the sentence imposition.[8] A sentence is illegal and should be afforded relief under Rule 35(a) if it "exceeds the statutorily-authorized limits, violates the Double Jeopardy Clause," "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[9]

---

[2] D.I. 16.
[3] D.I. 17.
[4] 530 U.S. 466 (2000).
[5] 542 U.S. 296 (2004).
[6] 549 U.S. 270 (2007).
[7] 602 U.S. 821 (2024).
[8] Super. Crim. Ct. R. 35(a)-(b).
[9] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992); *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)).

4. The Court does not need to address whether Nickerson's Motion is a timely motion seeking to correct an illegal sentence or is a time barred motion to correct an illegally imposed sentence. Looking to the Plea Agreement, Immediate Sentencing Form, and Truth-In-Sentencing Guilty Plea Form, all signed by Nickerson, he waived his right to relief under either Rule 35(a) or (b). By signing the Plea Agreement, Nickerson pled guilty to one count of PFBPP and agreed to the State's recommended sentence.

5. In the Plea Agreement, Nickerson agreed he is a habitual offender subject to sentencing pursuant to 11 *Del. C.* §4214(c) due to his three prior convictions of Tier 5 Possession (2016), PWITD Heroin (2011), and Robbery Second Degree (2008). He affirmed his agreement in the Immediate Sentencing Form. However, the State declared in the Plea Agreement it "will not seek to have Defendant sentenced as a Habitual Offender." Therefore, a habitual offender sentence enhancement was not applied to Nickerson's sentence.

6. The Truth-In-Sentencing Guilty Plea Form states the 10-year minimum mandatory for Nickerson's PFBPP Class C Felony.

7. Nickerson agreed to the State's sentencing recommendation and represented to understand the minimum mandatory Level V time applicable to him by signing the Plea Agreement. By entering the guilty plea, Nickerson waived his right to have a jury decide his guilt beyond a reasonable doubt and for a jury to decide

any enhancement for his PFBPP charge. *Erlinger* and its predecessors cited in the instant Motion do not afford relief to Nickerson.

8. Based on the above reasons, Nickerson's Motion for Correction of an Illegal Sentence is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc: Original to Prothonotary
Julia Mayer, Deputy Attorney General
Ivory Nickerson, JVTCC, SBI No. 00489216