# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | **I.D.:** 2008002632 |
| v. | ) | |
| | ) | |
| **AQUAN HILTON** | ) | |
| | ) | |
| Defendant. | ) | |

**Submitted:** June 13, 2025
**Decided:** July 7, 2025

## <u>ORDER</u>
*On Defendant's Motion for Correction of an Illegal Sentence*

## **DENIED**

This 7th day of July, 2025, upon consideration of the instant Motion for Correction of an Illegal Sentence, under Superior Court Criminal Rule 35(a)[1] brought by Defendant Aquan Hilton ("Hilton"), it appears to the Court that:

1. A stipulated bench trial for Hilton's Possession of a Firearm by a Person Prohibited ("PFBPP") charge was held on May 9, 2022.[2] Based on the stipulated facts presented, the Presiding Judge found Hilton guilty of PFBPP.[3] The stipulation, signed by counsel and Hilton, was represented by defense counsel as

---

[1] Docket Item ("D.I.") 59.
[2] D.I. 35.
[3] *Id.* 11:16-20 ("I find the defendant is guilty of possession of a firearm by a person prohibited in violation of Title 11 §1448 of the Delaware Code based on the stipulation of fact…)

true and accurate, and the Court accepted the stipulation as a court exhibit.[4] The

stipulation stated, *inter alia*:

> The Defendant on or about the 7th day of August, 2020, in the County of New Castle, State of Delaware, did knowingly possess or control a firearm, as defined in Title 11, Section 222 of the Delaware Code.
>
> The Defendant was, on August 7, 2020, prohibited from possessing or controlling a firearm due to prior felony convictions for Drug Dealing, case no. 1504015200 (Convicted on August 17, 205) and Robbery First Degree, case no. 1105021161 (Convicted on December 8, 2011).[5]

2. On the same day, the Presiding Judge, also acting as Sentencing Judge, then sentenced Hilton to fifteen (15) years at Level V, suspended after ten (10) years for one (1) year at Level III.[6] Ten (10) years at Level V is the minimum-mandatory for PFBPP with two prior felony convictions and was the recommended sentence by the attorneys.[7]

3. In the instant Motion, Hiltons moves this Court for a review of his sentence under Rule 35(a) which states "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[8] A sentence is illegal and should be

---

[4] *Id*. 10:4-16; D.I. 30.

[5] D.I. 30 ¶¶ 11,12.

[6] *See* Sentence Order.

[7] D.I. 35 8:18-20; 11 *Del. C.* § 1448(e) ("[A]ny person who is a prohibited person as described in this section and who knowingly possesses, purchase, owns or controls a firearm…while so prohibited shall receive a minimum sentence of: ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony."

[8] Del. Super. Ct. Crim. R. 35(a).

afforded relief under Rule 35(a) if it "exceeds the statutorily-authorized limits, violates the Double Jeopardy Clause," "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[9] Rule 35(a) further allows the Court to correct a sentence imposed in an illegal manner within 90 days of the imposition of the sentence.[10]

4. Hilton argues under *Erlinger v. United States*[11] that the Sentencing Judge violated his Fifth and Sixth Amendment rights by subjecting Hilton to an enhanced sentence without submitting the facts to a jury to decide.[12]

5. It is unnecessary for the Court to conclude whether the instant Motion is one for correction of an illegal sentence or a time-barred motion for an illegally imposed sentence. A retroactive application of *Erlinger* is also unwarranted for this analysis. The Court need only review Hilton's signed Stipulation of Fact and the statutorily imposed minimum-mandatory for his conviction.

6. *Erlinger* holds "[a] fact that increases a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be

---

[9] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992); *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)).
[10] Del. Super. Ct. Crim. R. 35(a).
[11] 602 U.S. 821 (2024).
[12] D.I. 59.

submitted to a jury and found unanimously and beyond a reasonable doubt."[13] However, the United States Supreme Court has made it clear that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant".[14] Hilton stipulated to the facts that he was knowingly in possession of a firearm on the date of the incident and that, prior to the incident, he was charged with two felony convictions which prohibited him from possessing or controlling a firearm[15] and that those felonies were on separate occasions. Additionally, Hilton represented to the Court that he understood and chose to waive his right to a jury trial and, instead, wished to present the facts to the Judge and have the Judge decide the outcome under stipulated facts.[16] Therefore, the Sentencing Judge did not unilaterally determined a fact which increased the minimum or maximum of Hilton's sentence that was not agreed to by the defendant. Further, the Sentencing Judge followed the statutory requirements in ordering a ten (10) year minimum mandatory for Hiltons PFBPP charge.

---

[13] *State v. Roy*, 2025 WL 1411659, at *2 (Del. Super. May 14, 2025)(quoting *Erlinger*, 602 U.S. at 833).
[14] *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004).
[15] D.I. 30 ¶¶ 11,12.
[16] D.I. 30 5:6-9:6.

7.  For these reasons, the Court **DENIES** Hilton's Motion.

       **IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*

Francis J. Jones, Jr., Judge

cc:    *Original to the Prothonotary*
       Delaware Department of Justice, Criminal Division
       Aquan Hilton, JTVCC, SBI No. 00523365