# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                )
                )      **I.D.:** 1007020056
      v.           )
                )
**JOHN NURSE a/k/a**      )
**TWYAAN JOHNSON**      )
          Defendant.

**Submitted:** June 19, 2025
**Decided:** July 24, 2025

## ORDER
*On Defendant's Motion for Correction of an Illegal Sentence*

## DENIED

This 24th day of July, 2025, upon consideration of the instant Motion for Correction of an Illegal Sentence, under Superior Court Criminal Rule 35(a)[1] brought by Defendant John Nurse ("Nurse"), it appears to the Court that:

1. On September 21, 2012, Nurse was found guilty and convicted of Murder First Degree, two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), Robbery First Degree, Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), and Conspiracy Second Degree.[2]

---

[1] Docket Item ("D.I.") 138.
[2] D.I. 79, 83.

2. Nurse was subsequently sentenced on March 21, 2012. He was sentenced as a habitual offender under 11 *Del. C.* §4214(b) for his Robbery First Degree conviction.[3] The Sentencing Judge ordered the following: two life sentences for Murder First Degree and Robbery First Degree, ten (10) years at Level V for each PFDCF conviction, ten (10) years at Level V for PDWBPP, and two (2) years at Level V for Conspiracy Second.[4] Nurse was also sentenced with probation time.[5]

3. In the instant Motion, Nurse moves this Court for a review of his sentence under Rule 35(a) which states "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[6] A sentence is illegal and should be afforded relief under Rule 35(a) if it "exceeds the statutorily-authorized limits, violates the Double Jeopardy Clause," "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[7] Rule 35(a) further allows the Court to correct a sentence imposed in an illegal manner within 90 days of the imposition of the sentence.[8]

---

[3] *See* Sentence Order, D.I. 100.
[4] *Id.*
[5] *Id.*
[6] Del. Super. Ct. Crim. R. 35(a).
[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992); *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)).
[8] Del. Super. Ct. Crim. R. 35(a).

4. Nurse makes several arguments in his Motion. First, he argues his status as a habitual offender violated the Double Jeopardy Clause of the Fifth Amendment because his prior convictions were "more than ten (10) years apart" and "no longer qualify as 'violent.'"[9] Then, he argues, under *Erlinger* and its predecessors,[10] that the Sentencing Judge violated his Sixth Amendment rights by unilaterally making a factual determination increasing his sentence beyond the statutory maximum.[11] Finally, Nurse asserts the Sentencing Judge did not follow the holding of this Court in *State v. Melendez*.[12]

5. It is unnecessary for the Court to conclude whether the instant Motion is one for correction of an illegal sentence or a time-barred motion for an illegally imposed sentence. A retroactive application of *Erlinger* is also unwarranted for this analysis.

6. *Erlinger* holds "[a] fact that increases a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be submitted to a jury and found unanimously and beyond a reasonable doubt."[13] Murder in the First Degree has a minimum mandatory sentence of life

---

[9] D.I. 138.
[10] *Id.* (citing *Erlinger v. United States*, 602 U.S. 821 (2024); *Wooden v. United States*, 595 U.S. 360 (2022); *Ramos v. Louisiana*, 590 U.S. 83 (2020); *United States v. Haymond*, 588 U.S. 634 (2019); *Mathis v. United States*, 579 U.S. 500 (2016); *Alleyne v. United States*, 570 U.S. 99 (2013); *Shepard v. United States*, 544 U.S. 13 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
[11] D.I. 138.
[12] 2024 WL 1005567 (Del. Super. Mar. 7, 2024).
[13] *State v. Roy*, 2025 WL 1411659, at *2 (Del. Super. May 14, 2025)(quoting *Erlinger*, 602 U.S. at 833).

imprisonment.[14]  Therefore, the Sentencing Judge did no more than follow this statutory requirement when imposing a life sentence on Nurse for his Murder First Degree count.  The Sentencing Judge did not make a factual determination increasing Nurse's minimum or maximum sentence.

7. To the extent Nurse asserts the Sentencing Judge enhanced his other charges, the claim is not ripe considering Nurse's life sentence for Murder First Degree.  The Court is not necessarily making a finding of illegality, but, if there is an illegality, it is not ripe for consideration.[15]

8. As to Nurse's other arguments, the Sentencing Judge lawfully enforced the habitual offender statute under 11 *Del. C.* § 4214(b).[16]  Additionally, the holding of *State v. Melendez* is not relevant to the instant Motion because the Court made rulings under statutes and circumstances inapplicable here.[17]

9. For the above reasons, Nurse's Motion is **DENIED.**

**IT IS SO ORDERED.**

>  */s/ Francis J. Jones, Jr.*
>  Francis J. Jones, Jr., Judge

cc:  *Original to the Prothonotary*
  Delaware Department of Justice, Criminal Division
  John Nurse a/k/a Tywaan Johnson, JTVCC, SBI No. 00319299

---

[14] 11 *Del. C.* §4209.

[15] *State v. Hearne*, 2023 WL 2980324 (Del. Super. Apr. 17, 2023); *Govan v. State*, 2010 WL 37007416, at *1 (Del. Super. Aug. 31, 2010) (Comm's Order); *State v. Twyman*, 2010 WL 4261921 (Del. Super. Oct. 19, 2010); *Goven v. State*, 832 A.2d 1251 (Table) (Del. 2003).

[16] 11 *Del. C.* § 4214(b).

[17] 2024 WL 1005567, at *2-3 (modifying one count of defendant's sentence because the indictment did not give requisite notice but denying defendant's argument to modify the rest of the charges under 11 *Del. C.* § 4215(a)).