IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES R. FISHER, | § | |
| | § | No. 232, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1403010356 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 23, 2019
Decided: September 4, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, James R. Fisher, filed this appeal from the Superior Court's denial of his motion for sentence correction under Superior Court Criminal Rule 35(a). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Fisher's opening brief that his appeal is without merit. We agree and affirm.

(2)    On July 15, 2014, Fisher pled guilty to his seventh Driving Under the Influence offense. That same day the Superior Court sentenced Fisher to fifteen years of Level V incarceration, to be suspended after eight years and successful

completion of the Key Program or Greentree Program, followed by one year of Level IV Residential Substance Abuse Treatment and two years of Level III Aftercare. The sentencing order provided that the non-suspended Level V time was to be served without the benefit of early release under 11 *Del. C.* § 4204(k).

(3) The sentencing order also provided that Fisher would enter into the ordered residential treatment program, at a time designated by the Department of Correction ("DOC"), so that he would complete it during or soon after his fifteen years of unsuspended Level V time. On July 29, 2014, the Superior Court corrected the order to reflect that the DOC would designate the time that Fisher would enter into the residential treatment program so that he could complete it during or soon after his eight years, not fifteen years, of unsuspended Level V time. In 2015, the Superior Court removed the § 4204(k) condition from the sentence.

(4) On March 27, 2019, Fisher filed a motion for sentence correction under Rule 35(a). Based on his good time calculations, he argued that the DOC was wrongly requiring him to complete six years of his eight-year Level V sentence before sending him to the Key Program and that the DOC should send him to the Key Program immediately. The Superior Court denied the motion. The Superior Court found that the sentence was reasonable and appropriate, the motion was filed more than 90 days after imposition of the sentence and there were no extraordinary circumstances to justify modification of the sentence under Rule 35(b), and the

Superior Court would not micro-manage DOC's calculation of good time credits and assignment of offenders to programs. This appeal followed.

(5) On appeal, Fisher argues that the Superior Court erred in treating his motion for sentence correction under Rule 35(a) as a motion for sentence modification under Rule 35(b). We review the denial of a motion for correction of sentence for abuse of discretion.[1] To the extent a claim involves a question of law, we review the claim *de novo*.[2] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(6) Although it appears that the Superior Court mistakenly treated Fisher's motion as a motion for modification of sentence under Rule 35(b), rather than a motion for correction of sentence under Rule 35(a), we nonetheless affirm the Superior Court's denial of Fisher's motion on the independent and alternative ground that it lacked merit under Rule 35(a).[4] The Superior Court sentenced Fisher

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

3

to fifteen years of Level V incarceration, suspended after Fisher served eight years and successfully completed the Key Program. Contrary to Fisher's contentions, his calculation of good time and disagreement with the DOC's decision to send him to the Key Program after he serves six years instead of right now as he wishes does not render his sentence ambiguous or internally contradictory. Fisher's sentence is not illegal.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

4