IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. THOMAS,[1] | § | |
| | § | No. 240, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 93K01153DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 5, 2019
Decided: October 14, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

### O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, James A. Mapp, Jr., filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Mapp's opening brief that his appeal is without merit. We agree and affirm.

(2) In 1993, Mapp pleaded guilty to Unlawful Sexual Intercourse First Degree and Unlawful Sexual Intercourse Second Degree. After a presentence

---

[1] It appears that after the appellant filed this appeal, he officially changed his name to James A. Mapp, Jr. We therefore refer to the appellant as "Mapp" in the text of this order.

investigation, the Superior Court sentenced Mapp to life in prison, plus twenty years. He did not file a direct appeal. Since then, Mapp has filed multiple motions for postconviction relief or for correction or reduction of his sentence, as well as a federal petition for a writ of habeas corpus.[2]

(3) In April 2019, Mapp filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). As he had in several of his prior motions, Mapp again challenged his conviction and sentence on the basis that he was not legally competent when he entered his guilty plea because he was under the influence of certain medications. The Superior Court denied Mapp's motion for correction of sentence on the basis that the issues set forth in his motion had already been litigated and decided. This appeal followed.

(4) We review the denial of a motion for correction of sentence for abuse of discretion.[3] To the extent that the claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is

---

[2] *E.g.*, *Thomas v. Snyder*, 2001 WL 1297812 (D. Del. Oct. 3, 2001); *Thomas v. State*, 2019 WL 211812 (Del. Jan. 15, 2019); *Thomas v. State*, 2015 WL 3551981 (Del. June 5, 2015); *Thomas v. State*, 1997 WL 45063 (Del. Jan. 23, 1997).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*

uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5) The Superior Court did not err in denying Mapp's motion for correction of sentence. Mapp's attempt to use a motion for correction of sentence as a means to withdraw his guilty plea is outside the limited scope of Rule 35(a).[6] As the Superior Court recognized, Mapp's arguments have previously been considered, and the Superior Court and this Court have held that his guilty plea was entered knowingly and voluntarily.[7] He cannot relitigate these issues, which are barred by the procedural hurdles of Superior Court Criminal Rule 61, in the guise of a motion for correction of sentence.[8]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] *Warnick v. State*, 2017 WL 1056130 (Del. Mar. 20, 2017).
[7] *See Thomas*, 1997 WL 45063 (affirming denial of motion for postconviction relief on the basis of and for the reasons set forth in the Superior Court Commissioner's report dated February 22, 1996); Motion to Affirm, Exhibit H (Commissioner's 1996 report).
[8] *See Cook v. State*, 2015 WL 6322220 (Del. Oct. 21, 2015) (affirming Superior Court's conclusion that a motion for correction of illegal sentence was not, in fact, challenging the legality of the appellant's sentence but instead was challenging the factual basis for his guilty plea; the motion was properly considered as a motion for postconviction relief under Rule 61, and it did not overcome the procedural bars).