IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANZARA M. BROWN, | § | |
| | § | No. 329, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1205025968A (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 25, 2021
Decided: December 16, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Anzara Brown, appeals the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Brown's opening brief that his appeal is without merit. We agree and affirm.

(2)    In September 2013, Brown was convicted by a Superior Court jury of drug dealing, aggravated possession, possession of a deadly weapon during the commission of a felony, carrying a concealed deadly weapon, second-degree

conspiracy, second-degree solicitation, and possession of marijuana. The court deferred sentencing and ordered a presentence investigation. On October 17, 2013, the State filed a motion to have Brown declared a habitual offender under 11 *Del. C.* § 4214. On October 29, 2013, the Superior Court sentenced Brown as follows: (i) as a habitual offender under § 4214(b) to life for drug dealing, (ii) as a habitual offender under § 4214(b) to life for aggravated possession; (iii) as a habitual offender under § 4214(a) to an aggregate of twenty-seven years of Level V incarceration for the weapons offenses; (iv) to two years of Level V incarceration, suspended for one year of Level II probation for second-degree conspiracy; and (v) to six months of Level V incarceration, suspended for one year of Level II probation for possession of marijuana.[1] On December 16, 2014, the Superior Court corrected the sentencing order to reflect that the drug dealing and aggravated possession convictions merged for sentencing purposes. We affirmed Brown's convictions and sentence on direct appeal.[2]

(3) On October 2, 2019, Brown filed a motion for correction of sentence. The Superior Court denied the motion, and Brown appealed. On appeal, Brown argued, among other things, that the Superior Court erred by not conducting a separate hearing to determine the existence of three predicate felony convictions

---

[1] For sentencing purposes, the second-degree conspiracy and second-degree solicitation charges merged.

[2] *Brown v. State*, 117 A.3d 568 (Del. 2015).

2

before sentencing him as a habitual offender. We rejected Brown's argument, noting that Brown had not objected at sentencing to the combined hearing and that Brown had failed to file a motion for the correction of a sentence imposed in an illegal manner within ninety days of the imposition of the sentence.[3]

(4) On September 8, 2021, Brown filed another motion for correction of illegal sentence. The Superior Court denied the motion as providing no basis for relief, and this appeal followed.

(5) We review the denial of a motion for correction of sentence for abuse of discretion.[4] To the extent a claim involves a question of law, we review the claim *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(6) On appeal, Brown argues, as he did below, that the Superior Court imposed his habitual offender sentence in an illegal manner because the State failed to timely file its motion to declare Brown a habitual offender and Brown had no opportunity to object to its contents. Brown's argument is premised on the fact that

---

[3] *Brown v. State*, 2020 WL 609646, at *3 (Del. Feb. 7, 2020).
[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

the Superior Court sentencing judge did not sign the order declaring Brown to be a habitual offender until the day after he sentenced Brown. Brown's claim is unavailing.

(7) As a preliminary matter, and as we noted in our earlier decision affirming the Superior Court's denial of Brown's prior motion for correction of sentence, a claim that a sentence was imposed in an illegal manner is subject to the ninety-day time bar in Superior Court Criminal Rule 35(b)[7] and will not be considered absent extraordinary circumstances.[8] In any event, Brown's argument is belied by the Superior Court record—which reflects that the State filed its motion to have Brown declared a habitual offender on October 17, 2013, more than ten days before the sentencing hearing—as well as the sentencing transcript—which reflects that the Superior Court considered the merits of the State's motion in open court and that defense counsel and Brown had the opportunity to discuss the merits of the motion and concluded that there was "no legal basis to oppose the motion."[9]

---

[7] Super. Ct. Crim. R. 35(a) ("The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."); *Coleman v. State*, 2017 WL 2061469, at *2 (Del. May 12, 2017) (holding that appellant's argument that the State failed to file a motion to have him declared a habitual offender was an attack on the manner in which his sentence was imposed and subject to Rule 35(b)'s ninety-day time bar).

[8] Super. Ct. Crim. R. 35(b).

[9] State's Motion to Affirm, Exhibit D at pp. 3-7.

4

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice