IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL GARNETT, | § | |
| | § | |
| Defendant Below, | § | No. 27, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1512011802 (N) |
| | § | |
| Appellee. | § | |

Submitted: April 4, 2022
Decided: May 23, 2022

## ORDER

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Michael Garnett, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Garnett's opening brief that his appeal is without merit. We agree and affirm.

(2) In January 2018, Garnett pleaded guilty to possession of a firearm by a person prohibited ("PFBPP"). The charges against Garnett arose from conduct that occurred on or about December 16, 2015. As part of the plea, Garnett agreed that

he qualified for sentencing as a habitual offender and the State agreed to dismiss multiple other charges and to cap its sentencing recommendation at fifteen years of minimum mandatory imprisonment. Garnett agreed that he qualified for habitual-offender sentencing based on the following prior convictions: (i) a 1996 conviction for carrying a concealed deadly weapon; (ii) 1997 convictions for possession of a firearm during the commission of a felony and second-degree burglary; and (iii) a 2002 conviction for maintaining a vehicle for keeping drugs.[1] He also recognized that, as a habitual offender, he faced a sentence of fifteen years of minimum mandatory imprisonment up to life imprisonment.[2]

(3) The State moved for habitual-offender sentencing under 11 *Del. C.* § 4214(c). The Superior Court declared Garnett to be a habitual offender and, on June 22, 2018, sentenced Garnett to fifteen years of imprisonment.

(4) In December 2021, Garnett filed a motion for correction of illegal sentence, arguing that his predicate offenses are insufficient for habitual-offender sentencing under 11 *Del. C.* § 4214(c). The Superior Court denied the motion, holding that Garnett was properly sentenced under Section 4214(c) because he had three separate, prior felony convictions, at least one of which was a violent felony. Garnett has appealed to this Court.

---

[1] Transcript of Guilty Plea, *State v. Garnett*, Cr. ID No. 1512011802, at 5:6-23 (Del. Super. Ct. Jan. 18, 2018).
[2] *Id.* at 6:4-9; 7:11-15.

2

(5) On appeal, the State concedes that Garnett was sentenced under the wrong version of Section 4214,[3] which has been amended numerous times over the years. But it contends that we should affirm the Superior Court's denial of the motion for illegal sentence because the habitual-offender motion established a sufficient basis to sentence Garnett under the applicable version of Section 4214; the version of Section 4214 under which he should have been sentenced exposed him to the same sentencing range as the version under which he was incorrectly sentenced; and the court imposed the minimum sentence permitted by the applicable version of the statute.

(6) We review the denial of a motion for sentence correction for abuse of discretion.[4] We review questions of law *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(7) The version of Section 4214(c) in effect at the time of Garnett's sentencing provided:

---

[3] In its order denying Garnett's motion for correction of illegal sentence, the Superior Court applied the same version of Section 4214 as the version under which Garnett was sentenced.

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[5] *Id.*

[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

> Any person who has been 2 times convicted of a felony under the laws of this State . . . and 1 time convicted of a Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title under the laws of this State . . . and who shall thereafter be convicted of a subsequent Title 11 violent felony, or attempt to commit such a violent felony, as defined by § 4201(c) of this title, shall receive a minimum sentence of the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal, up to life imprisonment . . . .[7]

This Court has held, however, that the version of the habitual-offender statute that applies is the one in effect at the time that the defendant committed the offense for which he is being sentenced.[8] In December 2015, when Garnett committed the PFBPP offense at issue in this appeal, Section 4214(c)—the section on which the State relied in its habitual-offender motion—provided:

> Any person who has been convicted for an offense which occurred within this State prior to July 1, 1973, of any of the hereinafter enumerated crimes shall be considered as having been convicted previously of the crimes specified in subsection (b) of this section for purposes of the operation of this section and § 4215 of this title. Any person convicted under the laws of another state, the United States or any territory of the United States of any felony the same as or equivalent to any of the above or hereinafter named felonies is an habitual offender for the purposes of this section and § 4215 of this title. . . .[9]

---

[7] 11 *Del. C.* § 4214(c) (effective April 13, 2017 to July 10, 2018).
[8] *Wright v. State*, 2022 WL 499979, at *3 & n. 14 (Del. Feb. 17, 2022).
[9] 11 *Del. C.* § 4214(c) (effective July 3, 2013 to July 18, 2016).

(8)   The State does not contend that Section 4214(c), as it read in December 2015, has any applicability to Garnett.  Instead, the State relies upon Section 4214(a), which at that time provided in relevant part:

> Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State . . . and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.[10]

(9)   In *Wright v. State*, as in this case, the defendant was sentenced under subsection (c) of an inapplicable version of Section 4214.[11]  On appeal from denial of a motion for correction of illegal sentence, this Court affirmed, holding that the sentence was not illegal because (i) the State's habitual-offender motion identified three prior felony convictions, as required under subsection (a) of the applicable version of Section 4214, and (ii) the defendant received the minimum sentence and

---

[10] *Id.* § 4214(a).
[11] 2022 WL 499979, at *3.

faced the same sentencing range under Section 4214(a) of the applicable version of the statute as that set forth in the inapplicable version of Section 4214(c).[12]

(10) Garnett argues that his predicate offenses are insufficient for habitual-offender sentencing because maintaining a vehicle for keeping drugs, of which he was convicted in 2002, is no longer a felony-level offense.[13] In *Ayala v. State*, this Court held that a defendant was subject to habitual-offender sentencing under Section 4214(a) because he "undeniably had been convicted three times of Delaware felonies," even though the General Assembly had later eliminated or reclassified from a felony to a misdemeanor two of the predicate offenses.[14] Garnett does not dispute that he had been convicted of felonies on three separate occasions before the offense at issue in this case. Thus, he was subject to sentencing under the version of Section 4214(a) that was in effect at the time of his crime that is the subject of this appeal.[15]

(11) Moreover, as in *Wright*, Garnett faced the same sentencing range under the wrong version of Section 4214 that he faced under the correct version of Section

---

[12] *Id.* at *3-4.

[13] Garnett was convicted of this offense under 16 *Del. C.* § 4655(a)(5). In 2011, the General Assembly enacted the Ned Carpenter Act, which eliminated or reclassified this offense but did not apply retroactively to any violation that occurred before September 1, 2011. *See Ayala v. State*, 204 A.3d 829, 838-39 (Del. 2019) (discussing the Ned Carpenter Act).

[14] *Id.* at 838-40.

[15] *See id.* at 840 ("The unambiguous language of § 4214 compels the conclusion that the Superior Court correctly declared Ayala a habitual offender and correctly imposed a mandatory minimum sentence.").

4214, and he was sentenced to the same minimum sentence as a habitual offender.[16] Garnett has not shown that his sentence exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or not authorized by the judgment of conviction.[17] We therefore affirm the Superior Court's denial of Garnett's motion for correction of illegal sentence, albeit on grounds different than those relied upon by the Superior Court.[18]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[16] *Wright*, 2022 WL 499979, at *3.

[17] *Id.* at *4.

[18] *Id.* (citing *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995)).