IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN L. YOUNG, JR., | § | |
| | § | |
| Defendant Below, | § | No. 112, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1801013445 (S) |
| | § | |
| Appellee. | § | |

Submitted: July 6, 2022
Decided: August 22, 2022

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, John L. Young, Jr., filed this appeal from a Superior Court order denying his motion for correction of an illegal sentence.  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Young's opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, in April 2018, Young was charged by information with multiple crimes, including second-degree rape.  In May 2018, the State informed Young's counsel that Young was subject to an enhanced penalty

under 11 *Del. C.* 4205A(a)(2) because the rape victim was under fourteen. Under Section 4205A(a)(2), a defendant convicted of a serious sex offense, including second-degree rape, is subject to a sentence of twenty-five years to life imprisonment if the victim is under fourteen. A grand jury subsequently indicted Young for multiple crimes, including first-degree and second-degree rape.

(3) On August 6, 2018, Young pleaded guilty to second-degree rape, contempt of court, and multiple violations of probation. The plea agreement included Young's acknowledgement that Section 4205A applied because the rape victim was under fourteen, the sentencing range of twenty-five years to life imprisonment for the second-degree rape charge, and the parties' agreement to recommend a second-degree rape sentence of forty years of Level V incarceration suspended after twenty-five years. The Superior Court accepted Young's guilty plea and immediately imposed the recommended sentence. This Court dismissed Young's untimely appeal.[1]

(4) On February 14, 2022, Young filed a motion for correction of illegal sentence. The Superior Court denied the motion. After filing a notice of appeal in this Court, Young filed a motion for clarification, which appeared to be an untimely motion for reargument, in the Superior Court. The Superior Court denied the motion.

---

[1] *Young v. State*, 2018 WL 6118713 (Del. Nov. 20, 2018).

2

(5) This Court reviews the denial of a motion for correction of illegal sentence for abuse of discretion.[2] We review questions of law *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(6) As he did below, Young argues in his opening brief that his second-degree rape sentence is illegal because the State did not file an application for sentencing enhancement as required by Section 4205A. This section provides that "the Superior Court, upon the State's application, shall sentence a defendant convicted" of certain sexual offenses "to not less than 25 years up to life imprisonment" if the defendant has previously been convicted of any sex offense classified as a Class A or B felony or the victim is under fourteen.[5] Young does not dispute that he is guilty of second-degree rape or that the victim was under the age of fourteen.

(7) Young's argument is without merit. The State informed Young's counsel that Young was subject to an enhanced penalty under 11 *Del. C.* 4205A(a)(2)

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] 11 *Del. C.* § 4205A(a)(2). The "upon the State's application" language became effective, along with other amendments, on July 1, 2018. 81 Laws. 2018, ch. 297, § 1.

before he pleaded guilty.  In his signed plea agreement, Young acknowledged that Section 4205A applied to his case because the rape victim was under fourteen.  The parties also agreed to recommend a second-degree rape sentence of forty years of Level V incarceration suspended after twenty-five years.  The transcript of the plea colloquy reflects that Young understood he faced a sentence of twenty-five years to life imprisonment for the second-degree rape charge.  The Superior Court imposed the sentenced recommended by the parties.  Under these circumstances, Young's second-degree rape sentence is not illegal.  The Superior Court did not err in denying Young's motion for correction of illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

4