IN THE SUPREME COURT OF THE STATE OF DELAWARE

COREY WASHINGTON, § 
§ 
 Defendant Below, § No. 196, 2022 
 Appellant, § 
§ Court Below—Superior Court 
 v. § of the State of Delaware 
§ 
STATE OF DELAWARE, § Cr. ID No. 0004018575A (K) 
§ 
 Appellee. § 

Submitted: August 17, 2022
Decided: September 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Corey Washington, filed this appeal from a Superior Court order denying his motion for correction of sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Washington's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, in February 2001, a Superior Court jury found Washington guilty of one count of possession of cocaine with intent to deliver, one count of maintaining a vehicle, two counts of possession of cocaine within 1000 feet

of a school, one court of resisting arrest, one count of driving with suspended or revoked license, and one count of possession of drug paraphernalia. After granting the State's petition to declare Washington an habitual offender, the Superior Court sentenced Washington, effective April 27, 2000, to life imprisonment plus nine years. This Court affirmed the Superior Court's judgment on direct appeal.[1] In 2007, this Court affirmed the Superior Court's denial of Washington's second motion for postconviction relief under Superior Court Criminal Rule 61.[2]

(3) In October 2017, the Superior Court granted the request of Washington's counsel for a certificate of eligibility to file a petition to modify Washington's habitual offender sentence under 11 *Del. C.* § 4214(f). After briefing on the petition to modify, the Superior Court granted the petition on December 11, 2018. The Superior Court reduced Washington's life imprisonment sentence for possession of cocaine with intent to deliver to thirty-five years of Level V incarceration suspended after fifteen years for decreasing levels of supervision. The remainder of Washington's sentence was unchanged. Washington subsequently filed an unsuccessful motion to further modify his sentence.

(4) On May 4, 2022, Washington filed a motion for correction of sentence. The Superior Court denied the motion, finding it repetitive, the sentence appropriate

---

[1] *Washington v. State*, 2002 WL 440253 (Del. Mar. 18, 2002).
[2] *Washington v. State*, 2007 WL 4110636 (Del. Nov. 20, 2007).

for the reasons stated at sentencing, and already addressed by the previous petition to modify under Section 4214(f). This appeal followed.

(5) This Court reviews the denial of a motion for correction of illegal sentence for abuse of discretion.[3] We review questions of law *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5] Although the Superior Court appeared to treat Washington's motion as a motion for reduction of sentence under Superior Court Criminal Rule 35(b) instead of a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), we affirm the Superior Court's denial of the motion on the alternative grounds that his sentences are not illegal.[6]

(6) As he did below, Washington argues in his opening brief that his sentences for possession of cocaine with intent to deliver (thirty-five years of Level V incarceration suspended after fifteen years) and two counts of possession within

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (stating that this Court may affirm a trial court's decision "on the basis of a different rationale than that which was articulated by the trial court").

1000 feet of a school illegal (two years of Level V incarceration for each count) are illegal because the Ned Carpenter Act[7] eliminated or modified those offenses in 2011. This argument is without merit. As the State emphasizes in its motion to affirm, the Ned Carpenter Act "did not apply retroactively to any violation that occurred prior to September 1, 2011."[8] Washington's sentences for possession of cocaine with intent to deliver and possession within 1000 feet of a school are thus not illegal.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] 78 Del. Laws ch. 13 (2011).
[8] *Ayala v. State*, 204 A.3d 829, 838-39 (Del. Feb. 11, 2019). *See also* 78 Del. Laws, c. 13 § 66; 16 *Del. C.* § 4791.