## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1407022876 |
| | ) | |
| SHAQUILLE K. JACKSON | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  March 29, 2023
Date Decided:  May 1, 2023

### ORDER

Upon consideration of Defendant's "Motion for Correction of an [I]llegal Sentence Rule 35(a)" ("Motion"),[1] the State's Response thereto ("Response"),[2] Superior Court Criminal Rule 35(a), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1) On April 20, 2015, Defendant pled guilty to four counts of Robbery First Degree,[3] two counts of Possession of a Firearm During Commission of a Felony ("PFDCF"),[4] one count of Robbery Second Degree,[5] two counts of "Wearing a

---

[1] D.I. 17.
[2] D.I. 21.
[3] IN14-09-0521, IN14-09-0329, IN14-09-0327, IN14-09-0526.
[4] IN14-09-0525, IN14-09-1990.
[5] IN14-090-0523.

Disguise During the Commission of a Felony" ("Disguise"),[6] one count of Aggravated Menacing,[7] and four counts of Conspiracy Second Degree.[8]

(2) By Order dated September 4, 2015, effective July 16, 2014, the Court sentenced Defendant to 18 years of unsuspended Level V time.[9] The breakdown of Defendant's sentence is as follows: as to each count of Robbery First Degree, 18 years at Level V, suspended after 3 years for 18 months at Level III; as to each count of PFDCF, 3 years at Level V; as to Robbery Second Degree, 5 years at Level V, suspended for 18 months at Level III, as to both counts of Disguise, 5 years at Level V, suspended for 1 year at Level III, as to Aggravated Menacing, 5 years at Level V, suspended for 1 year at Level III, and as to each count of Conspiracy Second Degree, 2 years at Level V, suspended for 1 year at Level III.[10]

(3) On January 26, 2023, Defendant filed his Motion, arguing that his sentences for PFDCF and Aggravated Menacing violate his constitutional right against double jeopardy. He argues, pursuant to that right, those charges should have merged with the four counts of Robbery First Degree for the purpose of sentencing.[11]

---

[6] IN14-09-2052, IN14-09-0333.
[7] IN14-09-2044.
[8] IN14-09-0328, IN14-09-0332, IN14-09-0530, IN14-09-0529. *See* D.I. 10.
[9] The Court also ordered Defendant to pay $17,886.00 in total restitution. D.I. 12.
[10] All probation is to be served concurrently. *See* D.I. 12.
[11] D.I. 17.

Defendant states that his "sentence must be vacated because of [the] double jeopardy violation."[12]

(4)    Pursuant to Superior Court Criminal Rule 35(a), the Court may "correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within [90 days after the sentence is imposed]."[13]  Rule 35(a) provides a narrow function to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[14]  Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[15]

(5)    Defendant first argues that PFDCF and Robbery First Degree should have merged for the purposes of sentencing.[16]  "Under Delaware law, a defendant may be separately charged, convicted and sentenced for both Robbery in the First

---

[12] *Id.*  Defendant also alleges that his sentence is illegal because "the D.O.C. gave [D]efendant an extra 400 [] days which was not part of his original sentence." D.I. 17.  The Court declines to address this argument, as the sentence Defendant refers to was imposed in another case by another judge.

[13] Super. Ct. Crim. R. 35(a).

[14] *Brittingham*, *v. State*, 705 A.2d 577, 578 (Del. 1998).

[15] *State v. Yarborough*, 2020 WL 502386, at *3 (Del. Super. Jan. 30, 2020) (quotations omitted) (citing *Brittingham*, 705 A.2d at 578).

[16] D.I. 17.

Degree and Possession of a Firearm During the Commission of a Felony. This Court has concluded that there is a clear legislative intent to separately punish the two offenses, and for that reason, they are not subject to merger."[17] Thus, Defendant's sentence is legal, and his first argument is without merit.

(6)    As to Defendant's second argument, while Aggravated Menacing is a lesser included offense of Robbery First Degree, those charges only merge at sentencing where they arise out of the same occurrence.[18] Here, Defendant was sentenced in multiple unrelated cases at once. Defendant pled guilty to four counts of Robbery First Degree, each committed against four different victims: Jaimin Patel, John Donofrio, Caitlin Mauger, and Thomas Plaugher. Defendant's conviction for Aggravated Menacing, on the other hand, relates to a distinct act committed against a different victim, John Slotswinski. Thus, the charges do not arise from the same occurrence, and merger is inappropriate.

(7)    Accordingly, Defendant's sentences for PFDCF and Aggravated Menacing are appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a correction of this sentence.

---

[17] *Powell v. State*, 984 A.2d 124 (Del. 2009). *See also* D.I. 21 at 3.
[18] *Poteat v. State*, 840 A.2d 599, 606 (Del. 2003). *See also* D.I. 21 at 3.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Isaac A. Rank, DAG
Shaquille K. Jackson (SBI# 00633577)