**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2308014611 |
| | ) | |
| JOSEPH M. KIRUEYA, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  October 22, 2024
Date Decided: January 21, 2025

## ORDER

Upon consideration of Joseph Kirueya's Motion for Correction of an Illegal Sentence ("Motion"),[1] Delaware Superior Court Criminal Rule 35(a),[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)     On June 26, 2024, a jury found Kirueya guilty of DUI Alcohol (IN23-10-0295) and Failure to Maintain Lane (IN24-03-0736).[3]

(2)     On July 19, 2024, the State moved to sentence Kirueya as a Fifth Offense DUI.[4]  The Court granted the State's motion at sentencing, and sentenced Kirueya as follows: for DUI Alcohol, 24 months Level V, suspended after 18 months Level V for 6 months Level III.[5]

---

[1] D.I. 22.
[2] Del. Super. Ct. Crim. R. 35(a).
[3] D.I. 16.
[4] D.I. 19.
[5] D.I. 20.  The State nol prossed Kirueya's Failure to Maintain Lane conviction at sentencing.

(3)     On October 22, 2024, Kirueya filed the instant Motion.[6] Kirueya avers the Court erred in sentencing him as a Fifth Offense DUI and asks the Court to resentence him as a Fourth Offense DUI.[7] Specifically, Kirueya argues that the Court erred when it considered his prior Pennsylvania conviction as a prior offense because the Pennsylvania statute does not qualify as a "similar statute" under 21 *Del. C.* 4177B.[8]

(4)     Rule 35(a) permits the Superior Court to correct an illegal sentence at any time.[9] "[A] sentence is illegal when it exceeds the statutorily authorized limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[10]

(5)     If a Rule 35(a) motion does not attack a sentence based on one of the above issues, the motion is considered a motion for correction of sentence imposed in an illegal manner.[11] Kirueya attacks his sentence by claiming the Court erred in

---

[6] D.I. 22.
[7] *Id.*
[8] *Id.* at ¶ 5.
[9] Del. Super. Ct. Crim. R. 35(a).
[10] *McCleaf v. State*, 2007 WL 2359554, at *1 (Del. Aug. 20, 2007) (citing *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998)).
[11] *See id.* (finding that defendant's motion was a motion for correction of a sentence imposed in an illegal manner, not a motion for correction of illegal sentence, because defendant argued the habitual offender motion was heard without the defendant present, an argument not included in the *Brittingham* definition of an illegal sentence).

2

considering one of his prior convictions as a predicate offense.[12]  Accordingly, while titled as a motion for correction of illegal sentence, Kirueya's motion is, in fact, a motion for correction of a sentence imposed in an illegal manner.[13]

(6)  "Absent extraordinary circumstances or an application by the Department of Correction under 11 *Del. C.* § 4217, the Superior Court will not consider a motion for correction of a sentence imposed in an illegal manner filed more than ninety days after imposition of the sentence."[14]  Kirueya filed his Motion on October 22, 2024, 89 days after sentencing.  Therefore, Kirueya narrowly avoids the Rule 35 time bar.

(7)  Turning to the merits of Kirueya's Motion, when sentencing an offender for a conviction pursuant to 21 *Del. C.* § 4177, the sentencing court shall consider the offender's prior convictions.[15]  A prior conviction includes "[a] conviction or other adjudication of guilt or delinquency under . . . a similar statute of any state or

---

[12] D.I. 22.

[13] *Parham v. State*, 2015 WL 7272171, at ¶ 4 (Del. Nov. 16, 2015) (affirming a motion claiming error in determining defendant was a five-time DUI offender, although labeled as a motion for correction of illegal sentence, really sought relief from a sentence imposed in an illegal manner); *Lindsey v. State*, 2023 WL 8232287, at ¶ 5 (Del. Nov. 274, 2023) (affirming Superior Court's determination that a motion arguing defendant was erroneously sentenced as a habitual offender was a motion for correction of a sentence imposed in an illegal manner); *Guinn v. State*, 2015 WL 3613555, at *1 (Del. June 9, 2015) (affirming that a motion for correction of sentence claiming error at enhanced sentencing actually sought relief from a sentence imposed in an illegal manner).

[14] *Bliss v. State*, 2017 WL 1282091 (Del. Apr. 5, 2017) (citing Del. Super. Ct. Crim. R. 35(a); Del. Super. Ct. Crim. R. 35(b)).

[15] *See generally* 21 *Del. C.* § 4177(d).

local jurisdiction . . . ."[16] The issue at hand is whether the Pennsylvania DUI statute is similar to the Delaware DUI statute.

(8) To determine if a statute of another state or local jurisdiction is sufficiently similar, a sentencing court may use one of two approaches to compare the two statutes.[17] Both the United States and Delaware Supreme Courts use a "modified categorical approach" to compare statutes when one of the statutes has a complicated structure that makes the comparison of elements harder.[18] Under this approach, "a sentencing court may look to *Shepard* documents, which are 'a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.'"[19] The court then compares the elements of the crime the individual was previously convicted of to the elements of the relevant statute to see if they are similar.[20]

---

[16] 21 *Del. C.* § 4177B(e)(1)(a).

[17] *Daniels v. State*, 246 A.3d 557, 561 (Del. 2021) (citing *Mathis v. United States*, 579 U.S. 500 (2016)).

[18] *Mathis*, 579 U.S. at 505. A complicated structure exists when a single statute lists elements in the alternative, and thereby defines multiple crimes. *Id*. *See also Daniels*, 246 A.3d at 561.

[19] *Daniels*, 246 A.3d at 561 (quoting *Mathis*, 579 U.S. at 505-506). "[W]here . . . the prior conviction is under a statute that is divisible into conduct that violates Section 4177 and conduct that doesn't, the sentencing court must determine, with the benefit of *Shepard* documents, if necessary, whether the prior conviction was under the section of the statute that is similar to Section 4177." *Daniels*, 246 A.3d at 563 (Del. 2021).

[20] *Mathis*, 579 U.S. at 505-506 (2016) (stating a court may compare the previous crime's elements with the relevant generic offense's elements to determine if the crime is similar for the purposes of sentencing under the ACCA).

(9)     Beginning with the Delaware DUI statute, 21 *Del. C.* § 4177 states:

> (a) No person shall drive a vehicle:
> (1) When the person is under the influence of alcohol;
> (2) When the person is under the influence of any drug;
> (3) When the person is under the influence of a combination of alcohol and any drug;
> (4) When the person's alcohol concentration is .08 or more; or
> (5) When the person's alcohol concentration is, within 4 hours after the time of driving .08 or more. . . . ;
> (6) When the person's blood contains, within 4 hours of driving, any amount of an illicit or recreational drug that is the result of the unlawful use or consumption of such illicit or recreational drug or any amount of a substance or compound that is the result of the unlawful use or consumption of an illicit or recreational drug prior to or during driving.[21]

Pursuant to 21 *Del. C.* § 4177(c)(5), "drive" includes "driving, operating, or having actual physical control of a vehicle."[22]

(10)    In comparison, the Pennsylvania DUI statute, 75 *Pa. C.S.A.* § 3802 states:

> (a) General impairment.--
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.
> (2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the

---

[21] 21 *Del. C.* § 4177(a).
[22] 21 *Del. C.* § 4177(c)(5).

5

alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.[23]

(11)   Using the modified categorical approach, it is clear that the Pennsylvania statute allows for the prosecution of three separate crimes: (1) driving a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving the vehicle, (2) operating a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely operating the vehicle, and (3) being in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely being in actual physical control of the vehicle.[24]

(12)   Even without consideration of Kirueya's *Shepard* documents, the Court finds the Pennsylvania statute is sufficiently similar to the Delaware statute. The Delaware statute similarly criminalizes driving (defined as driving, operating, or having actual physical control of a vehicle) under the influence of alcohol.[25] "The evident purpose of what the driving-under-the-influence statutes seek to achieve is

---

[23] 75 Pa. Stat. and Cons. Stat. Ann. § 3802 (West 2006).  The 2006 statute is reflective of the statute at the time of Kirueya's arrest because the statute has not been amended since.

[24] *Id.*

[25] *See* 21 *Del. C.* § 4177.  In *Daniels*, the Delaware Supreme Court made clear that the New Jersey's statute's "prohibition of 'operat[ing] a motor vehicle while under the influence of intoxicating liquor [or drugs]' addresses similar conduct as does Section 4177 . . . ." *Daniels*, 246 A.3d at 562.

the prohibition and punishment of those who drive . . . while under the influence of alcohol or drugs."[26]   Both the Pennsylvania and Delaware statutes address this purpose.

(13)   The *Shepard* documents further support the Court's conclusion. Kirueya was convicted of DUI General Impairment as a violation of 75 *Pa. C.S.A.* § 3802(a)(1).[27]   Specifically, Kirueya was convicted for "operat[ing] a motor vehicle while under the influence of drugs or alcohol to such a degree (refusal) as to render defendant incapable of safe operation."[28]

(14)   Kirueya argues he was "charged with violating [75 *Pa. C.S.A.* § 3802] based solely upon his 'refusal.'"[29]   The record does not support this argument.

(15)   Kirueya admits he was convicted of violating 75 *Pa. C.S.A.* § 3802, a statute that does not provide refusal as an element of the crime.[30]   Individuals who refuse blood or breath testing are only mentioned in 75 *Pa. C.S.A.* § 3803 and 75 *Pa. C.S.A.* § 3804.[31]

(16)   At the time of Kirueya's offense, 75 *Pa. C.S.A.* § 3803(b) stated:

> (b) Other Offenses.—
>         . . .

---

[26] *Daniels*, 246 A.3d at 562.
[27] D.I. 22, Exhibit A, at A-2.
[28] *Id.*, at A-7.
[29] D.I. 22, at ¶ 9; *see also id.* at ¶ 11.
[30] D.I. 22, at ¶ 9; 75 Pa. Stat. and Cons. Stat. Ann. § 3802 (West 2006).
[31] These statutes are respectively titled "Grading" and "Penalties."  *See* 75 Pa. Stat. and Cons. Stat. Ann. § 3803 (West 2012); 75 Pa. Stat. and Cons. Stat. Ann. § 3804 (West 2003).

(2) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has no prior offenses commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804.

. . .

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree . . . .[32]

(17)   At the time of Kirueya's offense, 75 *Pa. C.S.A.* § 3804   listed the punishments for an individual who violates section 3802(a)(1) and refused testing of blood or breath.[33]  The punishments varied depending on whether the conviction was a first, second, third, or subsequent offense.[34]

(18)   As made clear by the language of 75 *Pa. C.S.A.* § 3803 and 75 *Pa. C.S.A.* § 3804 above, at the time of Kirueya's conviction, there was an enhanced penalty for refusing blood or breath testing.   However, in order to receive the enhanced penalty, an individual had to separately violate 75 *Pa. C.S.A.* § 3802(a)(1).[35]

---

[32] 75 Pa. Stat. and Cons. Stat. Ann. § 3803(b) (West 2012).  The 2012 statute is reflective of the statute at the time of Kirueya's arrest because the statute was not further amended until 2014.

[33] 75 Pa. Stat. and Cons. Stat. Ann. § 3804(c) (West 2003).  The 2003 statute is reflective of the statute at the time of Kirueya's arrest because this portion of the statute was not amended until 2017.

[34] *Id*.

[35] 75 Pa. Stat. and Cons. Stat. Ann. § 3803 (West 2012) ("An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath . . . ."); 75 Pa. Stat. and Cons.

(19)   It is therefore nonsensical for Kirueya to argue he was convicted solely for refusing testing.  The charging documents and 75 *Pa. C.S.A.* § 3802 make clear Kirueya was convicted for operating a motor vehicle under the influence, not for refusing testing.[36]

(20)   Kirueya was not convicted for refusing blood or breath testing; he was convicted for operating a motor vehicle while under the influence pursuant to 75 *Pa. C.S.A.* § 3802(a)(1).[37]

(21)   Because Kirueya was previously convicted pursuant to a Pennsylvania DUI statute that is sufficiently similar to the Delaware DUI statute, the Court did not err when it sentenced Kirueya as a Fifth Offense DUI.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Kirueya's Motion is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

---

Stat. Ann. § 3804 (West 2003) ("An individual who violates section 3802(a)(1) and refused testing of blood or breath . . . .").

[36] D.I. 22, Exhibit A, at A-2; *Id.* at A-7.  In context, "refusal" qualifies the phrase "to such a degree."  Therefore, the Court interprets the use of "refusal" to simply mean that the officer on scene was unable to document the exact degree of influence Kirueya was under because Kirueya refused testing.

[37] Kirueya being convicted for driving under the influence and not for refusing blood or breath testing means the unconstitutionality of 75 *Pa. C.S.A.* § 3803 and 75 *Pa. C.S.A.* § 3804, under which Kirueya was never convicted, is irrelevant.

cc:     Original to Prothonotary
        Brett D. Fallon, Esq.
        Michael W. Modica, Esq.