IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALANDO DALE, | § | |
| | § | No. 238, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2401003329 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 11, 2025
Decided: September 29, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     Alando Dale appeals the Superior Court's denial of his motion for the correction of an illegal sentence.  The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Dale's opening brief that his appeal is without merit.  We agree and affirm.

(2)     On September 17, 2024, Dale pleaded guilty to second-degree murder. Following a presentence investigation, the Superior Court sentenced Dale to 30 years of incarceration, suspended after 20 years, followed by decreasing levels of supervision.  Dale did not appeal his conviction or sentence.

(3)     In May 2025, Dale moved for the correction of an illegal sentence under Superior Court Criminal Rule 35(a), arguing that his sentence was illegally enhanced under *Erlinger v. United States*.[1]  The Superior Court denied the motion, finding that *Erlinger* was inapplicable.  This appeal followed.

(4)     We review the denial of a motion for the correction of an illegal sentence for abuse of discretion.[2]  To the extent a claim involves a question of law, we review the claim *de novo*.[3]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5)     We agree with the Superior Court that *Erlinger* is not applicable here. In *Erlinger*, the United States Supreme Court held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior criminal offenses were committed on separate occasions before the defendant's sentence can be enhanced under the Armed Career Criminal Act.[5]  But here, Dale's sentence was not enhanced based on his prior criminal convictions—the Superior Court simply

---

[1] 602 U.S. 821 (2024).
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] *Erlinger*, 602 U.S. at 825.

sentenced Dale within the statutory sentencing range authorized by the legislature for second-degree murder.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

3