IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVIE A. JONES, | § | |
| | § | |
| Defendant Below, | § | No. 323, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0609013400 (S) |
| | § | |
| Appellee. | § | |

Submitted: September 29, 2025
Decided: October 27, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Stevie A. Jones, filed this appeal from a Superior Court order denying his motion to vacate sentence or, in the alternative, to certify a question of law.  The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Jones's opening brief that the appeal is without merit.  We agree and affirm.

(2)    In 2008, Jones pleaded guilty to first-degree robbery, aggravated menacing, possession of a firearm during the commission of a felony ("PFDCF"), reckless endangering, and second-degree assault.  The Superior Court immediately

imposed the sentence recommended by the parties: (i) for PFDCF, three years of Level V incarceration; (ii) for first-degree robbery, twenty-five years of Level V incarceration, suspended after three years for Level III probation; (iii) for aggravated menacing, five years of Level V incarceration; (iv) for first-degree reckless endangering, four years of Level V incarceration; and (v) for second-degree assault of a person over the age of sixty-two, eight years of Level V incarceration, suspended for two years of Level III probation. Jones did not appeal his convictions or sentence, but has filed unsuccessful motions for postconviction relief or challenging his sentences.

(3) In June 2025, Jones filed a motion to vacate sentence or, in the alternative, to certify a question of law. He argued that *Erlinger v. United States*[1] required reconsideration of his previously unsuccessful claim that his sentences for first-degree robbery and aggravated menacing were illegal because they violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[2] The Superior Court treated the motion as a motion for correction of illegal sentence and denied it. This appeal followed.

---

[1] 602 U.S. 821 (2024).
[2] *See Jones v. State*, 258 A.3d 145, 2021 WL 3179449, at *1 (Del. July 27, 2021) (TABLE) (affirming the Superior Court's denial of Jones's motion for correction of his first-degree robbery and aggravated menacing sentences because his voluntary guilty plea constituted a waiver of any claim of a Double Jeopardy violation).

(4) We review the Superior Court's denial of a motion for correction of illegal sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5) As he did below, Jones argues that *Erlinger* requires reconsideration of his previously unsuccessful claim that his sentences for first-degree robbery and aggravated menacing violated the Double Jeopardy Clause. He is mistaken. This Court previously held that Jones's guilty plea waived his Double Jeopardy claim,[6] and *Erlinger* does not change this result. In *Erlinger*, the United State Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and stated that "[v]irtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[7] *Erlinger* does not apply to Jones's sentences for first-degree robbery and aggravated menacing

---

[3] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] *See supra* n.2.
[7] *Erlinger,* 602 U.S. at 834 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

because the Superior Court made no factual determinations exposing Jones to higher maximum or minimum sentences, and the sentences fell within the statutory range.[8] The Superior Court did not err in denying Jones's motion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[8] 11 *Del. C.* § 602(b) (providing that aggravated menacing is a class E felony); 11 *Del. C.* § 832(a), (b)(1) (providing that first-degree robbery is a class B felony with a three-year minimum Level V sentence); 11 *Del. C.* § 4205(b) (providing that the sentencing range for a class B felony is two to twenty-five years of Level V incarceration and that the sentencing range for a class E felony is up to five years of Level V incarceration).

4