# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D. No. 1107001573 |
| | ) | |
| GABRIEL WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 5, 2025
Decided: October 30, 2025

*Upon Defendant's Motion for Correction of Illegal Sentence*
**DENIED.**

*Upon Defendant's Motion for Appointment of Counsel*
**MOOT.**

## ORDER

Gabriel Wallace, *pro se*, Smyrna, DE.

Andrew J. Vella, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

**WHARTON, J.**

This 30th day of October, 2025, upon consideration of Defendant Gabriel Wallace's ("Wallace") Motions for Correction of Illegal Sentence,[1] and for Appointment of Counsel,[2] and the record in this matter, it appears to the Court that:

1.      Wallace pled guilty on January 23, 2011 to Possession of a Firearm During the Commission of a Felony.[3]  On April 20, 2011, this Court declared him an habitual offender pursuant to 11 *Del. C.* § 4214(a) and sentenced him to 25 years of incarceration.[4]  Wallace did not appeal, but, instead filed unsuccessful motions in this Court.  The first was a Motion for Modification of Sentence.[5]  Next was a Motion for Postconviction Relief and Appointment of Counsel.[6]  That latter motion was withdrawn.[7]  These motions followed.

2.      Wallace now moves for correction of an illegal sentence.  In this motion, Wallace challenges the Court's determination of his eligibility to be sentenced as a habitual offender.[8]  Citing *Erlinger v. United States,*[9] he argues that his sentence "was

---

[1] D.I. 55.
[2] D.I. 56.
[3] D.I. 26.
[4] D.I. 31
[5] D.I. 33.
[6] D.I. 35, 46.
[7] D.I. 51.
[8] D.I. 55.
[9] 602 U.S. 821 (2024) (quoting *Alleyne v United States*, 570 U.S. 99, 111-113 (2013)).

enhanced based on prior convictions that were not proven to a jury beyond a reasonable doubt."[10]

3. Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[11] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[12] The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[13]

4. Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed. Nor need the Court determine *Erlinger's* applicability to Delaware's habitual offender sentencing statute. The Court need only consult the plea agreement signed by Wallace to determine he is not entitled to relief. The plea agreement reads:

> The defendant agrees that he has the following separate and distinct convictions: (1) Burglary 2nd in 2004; (2) Burglary 2nd in 2002; (3) Burglary 3rd in 2009; (4) Theft in 1996. The defendant does acknowledge and stipulate that

---

[14] D.I. 55.
[11] Super. Ct. Crim. R. 35(a).
[12] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[13] Super. Ct. Crim. R. 35(a) and (b).

he was previously declared an habitual offender in ID# 0808013274 and sentenced as same on Jan 12, 2009.[14]

5.     Wallace admitted his status as an habitual offender in the plea agreement. Just as Wallace waived his right to have a jury determine his guilt beyond a reasonable doubt when he entered his guilty plea, so too did he waive his right to have a jury determine his status as a habitual offender.

Therefore, Defendant Gabriel Wallace's Motion to Correct Illegal Sentence **DENIED.** His request for appointment of counsel is **MOOT.**

 **IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[14] D.I. 26.